# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BECKY GREER, TIMOTHY C. BUDNIK, ROSARIO SAENZ, and IAN CARTY, individually and as class representatives,<br><br>Plaintiffs,<br><br>v.<br><br>PACIFIC GAS AND ELECTRIC COMPANY, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 1:15-cv-01066-EPG<br><br>**ORDER RE: DEFENDANT PACIFIC GAS AND ELECTRIC COMPANY'S MOTION TO JOIN IBEW LOCAL 1245 AS PARTY DEFENDANT**<br><br>(ECF No. 47) |

## I.     INTRODUCTION

Defendant Pacific Gas and Electric ("Defendant" or "PG&E") has moved to join the International Brotherhood of Electrical Workers Local 1245 ("Local 1245") as a party defendant in this action under Federal Rules of Civil Procedure 19 and 20.  Defendant moves to join Local 1245 on the grounds that: (1) Without Local 1245, Plaintiffs will be unable to recover complete relief for the conduct alleged in the operative complaint; (2) Local 1245 claims an interest in the outcome of this action; (3) that interest will be impaired if Local 1245 is not allowed to participate; and (4) Local 1245's absence may expose PG&E to substantial risk of incurring multiple or inconsistent obligations.

## II. BACKGROUND

This case is currently proceeding under the Second Amended Complaint (the "SAC") in this action. (ECF No. 33.) The SAC alleges that Plaintiffs worked for PG&E as Customer Service Representatives in PG&E's Customer Contact Centers in Fresno, San Jose, and Sacramento. At the time they applied for their jobs, PG&E was advertising Customer Service Representative I positions as receiving pay at the rate of $23.88 per hour. When making job offers to Plaintiffs, however, PG&E informed them that the starting rate of pay would be only $18.36 per hour. PG&E informed Plaintiffs that because of Plaintiffs' previous call center experience, however, they could qualify for higher rates of pay. Plaintiffs accepted the offers.

As Customer Service Representatives, Plaintiffs' wage rates were governed, in part, by a collective bargaining agreement between PG&E and the International Brotherhood of Electrical Workers (the "CBA"). Under the terms of the CBA, Customer Service Representatives received different wage rates depending on the amount of "directly related clerical job experience" they possessed.

In November 2013, in response to a grievance related to the definition of "directly related clerical job experience," the Review Committee of the International Brotherhood of Electrical Workers issued a letter clarifying the application of the pay scale system. In particular, the letter explained that PG&E had been erroneously applying the system by defining "directly related clerical job experience" as only experience that had been obtained working as a Customer Service Representative at PG&E. Instead, the Review Committee found that PG&E should have considered, for instance, customer service experience in call centers with companies such as AT&T or Comcast.[1]

PG&E and Local 1245 began a joint review process to determine whether any existing employees would need to be reclassified based on the new understanding of the CBA's pay scale. Although the review process had at least two iterations and resulted in a settlement agreement that paid backpay to several other employees, Plaintiffs were not re-classified at the higher rate of pay.

---

[1] The letter notes that this example is not intended to be all-inclusive.

The SAC alleges six causes of action against PG&E:

- First Cause of Action (Breach of Contract);

- Second Cause of Action (Violation of California Labor Code § 216);

- Third Cause of Action (Failure to provided itemized wage statements pursuant to California Labor Code §§ 226(a), 1174, 1175, and applicable Wage Orders);

- Fourth Cause of Action (Promissory Fraud in violation of California Civil Code § 1572(4));

- Fifth Cause of Action (Promissory Estoppel); and,

- Sixth Cause of Action (Violation of California Business and Professions Code § 17200 *et seq.*).

Defendant has now moved to join Local 1245 as a defendant in this action. Local 1245 has submitted briefing expressing its interest in joining the action as a defendant, but only with respect to the first and second causes of action in the SAC. (ECF No. 48.) Plaintiffs oppose Defendant's motion. (ECF No. 49.)

On May 6, 2016, the Court heard oral argument on the Motion. Patrick Toole and Erin Huntington appeared for Plaintiffs. Aurelio Perez and Joshua Kienitz (telephonic) appeared for PG&E. Philip Monrad and Alexander Pacheco (telephonic) appeared for Local 1245. After the hearing, the parties submitted supplemental authorities as discussed at the hearing. After reviewing the briefing and for the reasons set forth below, the Court determines that the Motion to Join will be GRANTED.

### III. DISCUSSION

**A. Legal Standard**

Joinder is governed by Rule 19 of the Federal Rules of Civil Procedure. Rule 19 states:

**(a) Persons Required to Be Joined if Feasible.**

> **(1)** *Required Party.* A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> **(A)** in that person's absence, the court cannot accord complete relief among existing parties; or

3

      **(B)** that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

          **(i)** as a practical matter impair or impede the person's ability to protect the interest; or

          **(ii)** leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19. "There is no precise formula for determining whether a particular nonparty should be joined under Rule 19(a)." *Bakia v. Cnty. of Los Angeles*, 687 F.2d 299, 301 (9th Cir. 1982) ("Underlying policies include plaintiff's right to decide whom he shall sue, avoiding multiple litigation, providing the parties with complete and effective relief in a single action, protecting the absentee, and fairness to the other party. The determination is heavily influenced by the facts and circumstances of each case.").

      **B. Analysis**

Local 1245 is unquestionably subject to service of process and no party contends that its joinder will deprive the Court of subject-matter jurisdiction. The parties do dispute whether complete relief can be accorded to Plaintiffs in Local 1245's absence. They also dispute whether Local 1245 has an interest in the pending litigation.

      *i.   Complete relief among existing parties.*

While the parties disagree on the kinds of compensatory damages for which Local 1245 may be liable, there is agreement between all the parties that the disputed wage rates applied to Plaintiffs were subject to a collective bargaining agreement that was negotiated between PG&E and Local 1245. (SAC, Exh. A, ECF No. 33.) All parties also agree that Local 1245 worked in conjunction with PG&E in the joint review process, the results of which Plaintiffs now challenge.

Based on these facts, the Court finds that it *may* not be able to accord complete relief to Plaintiffs without the addition of Local 1245. While it is, at this point, unclear whether and how compensatory damages may need to be apportioned between Local 1245 and PG&E, if at all, it does appear likely that the resolution of Plaintiffs' claims will require interpretation of the

collective bargaining agreement and an examination of the joint review process pursued by Local 1245 and PG&E.  As a result, any injunctive or declaratory relief to correct that process would require the involvement of Local 1245.  *Evans v. Sheraton Park Hotel*, 503 F.2d 177, 181 (D.C. Cir. 1974) (finding failure to join union would preclude effective injunctive relief because it "would be akin to rather ineffective symptomatic relief" by simply resolving plaintiff's problem, rather than addressing the union's role in creating the problem); *Gray v. Oncor Elec. Delivery Co., LLC*, Case No. 3:11-cv-00781-L, 2011 WL 6039629, at *2 (N.D. Tex. Nov. 30, 2011) (where challenged wages are set by a collective bargaining agreement, they "cannot be changed unilaterally by Oncor or the court without agreement by the Union"); *Ware v. City of Buffalo*, 186 F.Supp.2d 324, 330 (W.D.N.Y. 2001) ("The union and the defendant City were signatories to the Policy and the Collective Bargaining Agreement. As one of his claims for relief, plaintiff seeks a judgment declaring the Policy null and void. Obviously the union, as the bargaining representative of its members, has a great interest in the court's determination"); *Nat'l Org. for Women, Inc. v. Minn. Min. &Mfg. Co.*, 73 F.R.D. 467, 469 (D. Minn. 1977) ("It might well be that the court would be able to fashion a type of relief that would eliminate the discrimination complained of by plaintiffs without affecting prejudicially the rights of the unions or its members . . . However, in order to assure that the court's remedy will be effective, the court concludes that the two local unions must be joined as parties defendant.").

> ### ii.   Local 1245 claims an interest.

Likewise, Local 1245 claims an interest in the litigation that would be impaired by its absence.  *United States v. Bowen*, 172 F.3d 682, 689 (9th Cir. 1999), *quoting Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1043 (9th Cir. 1983) ("Joinder is 'contingent . . . upon an initial requirement that the absent party *claim* a legally protected interest relating to the subject matter of the action.'") (emphasis in original).  Only "'legally protected' interests warrant protection under Rule 19." *Ward v. Apple Inc.*, 791 F.3d 1041, 1051 (9th Cir. 2015).  To be "legally protected," an "interest at stake need not be 'property in the sense of the due process clause.'" *Id.*, *quoting Cachil Dehe Band of Wintun Indians v. California*, 547 F.3d 962, 970 (9th Cir. 2008); *see also White v. Univ. of Cal.*, 765 F.3d 1010, 1026 (9th Cir. 2014) ("Indeed, the

5

language of the rule contemplates that a party need only have a 'claim' to an interest. Rule 19 is designed to protect 'a party's right to be heard and to participate in adjudication of a claimed interest, even if the dispute is ultimately resolved to the detriment of that party.''). On the other hand, it must "be more than a financial stake, and more than speculation about a future event." *Id.* "[A]n interest that 'arises from terms in bargained contracts' may be protected," although "such an interest must be 'substantial.'" *Cachil Dehe Band*, 547 F.3d at 970.

As explained above, Local 1245 has an interest in any interpretations or applications of the collective bargaining agreement. *Adams v. Delta Air Lines, Inc.*, Case No. 96 Civ. 2871 (HB), 1997 WL 12803, at *1 (S.D.N.Y. Jan. 14, 1997) (joinder appropriate because union "has an interest in the validity and construction of the collective bargaining agreements which it negotiated and to which it is a signatory"); *McCooe v. Town of Manchester*, 101 F.R.D. 339, 341 (D. Conn. 1984) ("Having negotiated the collective bargaining agreement provision herein challenged, as it is embodied in the town pension plan ordinance, the absent union clearly has an interest in this litigation, and is no less entitled to be heard. Adjudication of plaintiff's claim necessarily will adjudicate the union's right to enforce the contract it has negotiated"); *Hodgson v. Sch. Bd., New Kensington-Arnold Sch. Dist.*, 56 F.R.D. 393, 395 (W.D. Pa. 1972) (joinder appropriate where the "action endemically involves the potential for altering and restructuring the compensation provisions of the collective bargaining agreement between the defendant and the proposed defendants"). This outcome makes sense, as Local 1245 negotiated and may be bound by interpretations of the collective bargaining agreement in the future. Even if, as Plaintiffs suggest, there is a distinction between the "interpretation" and the "application" of the collective bargaining agreement, the Court's decisions with respect to the collective bargaining agreement will undoubtedly influence Local 1245's future conduct.

As Local 1245 notes, it also has other employees bound by collective bargaining agreements that contain the language "directly related clerical experience," both within PG&E and elsewhere. Local 1245 thus has an interest in assuring that those PG&E employees whose wage rates are governed by their collective bargaining agreement but who are not part of the class alleged by Plaintiffs are represented. *Nat'l Org. for Women, Inc.*, 73 F.R.D. at 470 ("joinder of

the unions will insure that the interests of 3M employees who are not members of the certified classes will be represented. Some of these employees appear to have an interest in the present job classification and seniority system."). Local 1245 contends that, to protect these interests (among others), they must be allowed to participate fully in the litigation process including, for example, by pursuing discovery against either (or both) parties. The Court agrees.

Finally, there is the risk that PG&E may be subjected to multiple or inconsistent obligations under the collective bargaining agreement if Local 1245 is precluded from joining the litigation. *Forsberg v. Pac. Nw. Bell Tel. Co.*, 622 F. Supp. 1147, 1150 (D. Or. 1985) ("The potential for inconsistent obligations arises when, as in this case, plaintiff challenges specific terms of employment contained within the collective bargaining agreement and appropriate relief may require revision of those terms of employment."); *Nat'l Org. for Women, Inc.*, 73 F.R.D. at 470 ("Secondly, the company's obligations under the collective bargaining agreements with the unions might be substantially inconsistent with the obligations imposed upon it by the court as a result of the present action. For this reason as well, the court concludes that joinder is required in order to avoid leaving 3M subject to a substantial risk that its judgment obligations would be inconsistent with its obligations under the collective bargaining agreements.") The Court thus concludes that Local 1245 should be joined as a party.

## IV.     ORDER

For the reasons set forth above, the Court GRANTS Defendant's Motion to Join IBEW Local 1245 as a Party Defendant (ECF No. 47). IBEW Local 1245 is added as a defendant to this action and the Clerk of the Court is DIRECTED to update the court docket accordingly.

IT IS SO ORDERED.

Dated:   **May 17, 2016**                              /s/ Erica P. Grosjean
                                                                    UNITED STATES MAGISTRATE JUDGE