1
2
3
4
5

**WANGER JONES HELSLEY PC**
265 E. River Park Circle, Suite 310
Fresno, California  93720
Telephone:   (559) 233-4800
Facsimile:    (559) 233-9330
Patrick D. Toole #19011
Dylan J. Crosby #299536
Erin T. Huntington #306037

6
7
8
9

**LITTLER MENDELSON, P.C.**
Joshua D. Kienitz #244903
Aurelio J. Perez #282135
650 California Street, 20th Floor
San Francisco, California 94108-2693
Telephone: 415.433.1940
Facsimile: 415.399.8490

10
11
12
13
14

**LEONARD CARDER, LLP**
Philip Monrad #151073
1330 Broadway, Suite 1450
Oakland, CA 94612
Telephone: (510) 272-0169
Fax: (510) 272-0174

15
16
17

**IBEW LOCAL UNION 1245**
Alex Pacheco #302852
30 Orange Tree Circle
Vacaville, CA 95687
Telephone: (707) 452-2751

18

**UNITED STATES DISTRICT COURT**

19

**EASTERN DISTRICT OF CALIFORNIA**

20
21
22
23
24
25
26
27
28

| | |
|---|---|
| BECKY GREER; TIMOTHY C. BUDNIK; ROSARIO SAENZ; and IAN CARTY, Individually and as "Class Representatives," <br><br> Plaintiffs, <br><br> v. <br><br> PACIFIC GAS AND ELECTRIC COMPANY, and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No.  1:15-CV-01066—EPG <br><br> **CLASS ACTION** <br><br> **STIPULATION FOR PROTECTIVE ORDER AND ORDER THEREON** <br> **[Fed. R. Civ. P. 26(c)]** <br><br> Hon. Erica P Grosjean <br><br> Complaint filed: July 10, 2015 |

Through their respective attorneys of record, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Local Rule 141.1, Plaintiffs Becky Greer, Timothy C. Budnik, Rosario Saenz, Ian Carty and Haley Markwith (collectively "Plaintiffs") and Defendants Pacific Gas and Electric Company ("PG&E") and IBEW Local 1245 (the "IBEW") hereby stipulate to the following protective order for the purpose of preventing unnecessary disclosure or inappropriate use of confidential, private, proprietary and/or trade secret business information contained in certain documents, deposition testimony or discovery responses provided during the course of the above entitled lawsuit (the "Action").

IBEW seeks by this Protective Order to prevent disclosure of: 1) the names, contact information, and employment status or history, personnel file and/or Union affiliation, of PG&E employees within the bargaining units represented by IBEW who are not parties to this action; 2) confidential internal union communications and/or documents, including but not limited to grievance files and negotiating notes, disclosure of which could jeopardize IBEW's ability to negotiate on a level playing field with signatory employers.

PG&E concurs with the IBEW's and Plaintiffs' desire for a protective order and further seeks by this Protective Order to prevent disclosure of: 1) the names, contact information, and employment status or history, personnel file, confidential information, and/or Union affiliation, of PG&E employees within the bargaining units represented by IBEW who are not parties to this action; 2) confidential internal PG&E communications and/or documents, including but not limited to grievance files and negotiating notes.

Protection of this information should be addressed by a court order as opposed to private agreement, because the imprimatur of a court order will enhance the effectiveness of the protections set out below.  Also, the court's continuing jurisdiction to enforce this agreement, as provided below, will enable the parties to remedy any breach of or disputes regarding this order, as opposed to the more cumbersome and uncertain procedures for enforcing a private agreement.

1.      Accordingly, the Parties stipulate to entry of a Protective Order, as set out below: During this Action, one or more parties may produce certain documents, provide

1    written discovery responses and/or provide or elicit deposition testimony containing

2    confidential, private, proprietary and/or trade secret business information.

3    2.    The protections conferred by this Protective Order cover not only all items or

4    information, regardless of the medium or manner in which it is generated, stored, or maintained

5    (including, among other things, testimony, transcripts, and tangible things), that are produced

6    or generated in disclosures or responses to discovery in this matter that has been designated as

7    "Confidential" and subject to this Protective Order (i.e., "Protected Material"), but also (1) any

8    information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or

9    compilations of Protected Material; and (3) any testimony, conversations, or presentations by

10   Parties or their Counsel that might reveal Protected Material.

11   3.    Documents produced by a person, entity, party, or counsel may stamp or

12   otherwise label that document with the words "Confidential – Subject to Protective Order"

13   prior to production, which shall render that document and the information contained in it

14   subject to this Protective Order.  Stamping or otherwise marking "Confidential – Subject to

15   Protective Order" on the first page of any multi-page document shall designate all pages of the

16   document as confidential and subject to this Order, unless otherwise expressly indicated by the

17   party producing that document.  To the extent practicable, only confidential information should

18   be designated accordingly.  For example, a single, confidential word or sentence does not

19   render an entire page confidential.

20   4.    A party that makes original documents or materials available for inspection

21   need not designate them for protection until after the inspecting party has indicated which

22   material it would like copied and produced.  During the inspection and before the designation,

23   all of the material made available for inspection shall be deemed strictly confidential and

24   subject to this Order.  After the inspecting party has identified the documents it wants copied

25   and produced, the producing party must determine which documents, or portions thereof,

26   qualify for protection under this Order.  Then, before producing the specified documents, the

27   producing party must affix the "Confidential – Subject to Protective Order" legend to each

28   page that contains Protected Material.

5.     For information produced in some form other than documentary and for any other tangible items, the producing party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "Confidential – Subject to Protective Order."

6.     With respect to written discovery responses provided by a party, either that party or its counsel may designate a particular response (or portion of a response) as containing confidential information by stamping or otherwise marking the word "Confidential – Subject to Protective Order" on the page or pages containing that discovery response or by explicitly stating within the response itself that the information contained therein is confidential and subject to a protective order, either of which designation shall render that response and the information contained in it subject to this Protective Order.   Again, the confidentiality designation is intended to be limited and cover only "Confidential" information as detailed in paragraph 3, above.

7.     Except as noted below, the original and all attorneys' copies of deposition transcripts shall initially be considered not to contain confidential information and shall only be subject to the relevant provisions of this Order if the requesting attorney for a party at the deposition on the record designates portions of the testimony confidential, or within ten (10) days after receipt of the transcript writes to the court reporter and opposing counsel to identify the specific portions of testimony which are deemed by him or her to include confidential information.  The reporter shall promptly conform the original copy and counsel shall conform their copies in accordance with the requesting attorney's designation.  All deposition testimony of a witness which is designated "Confidential" shall be contained in a separate transcript, the first page of which shall bear the legend "Confidential – Subject to Protective Order."  To facilitate "Confidential" designation of deposition testimony within 10 days of receipt of the transcript, the parties shall treat all deposition testimony during that 10-day period as provisionally designated "Confidential" subject to the protections of this Order.

8.     Any document, information or testimony designated as "Confidential – Subject to Protective Order" in accordance with paragraphs 2, 3 and/or 4 above shall not be used for

**STIPULATION FOR PROTECTIVE ORDER AND ORDER THEREON**

any purpose whatsoever other than in connection with the prosecution, defense or settlement of this Action.   Such document/information/testimony shall not be delivered, exhibited, furnished or disclosed in whole or in part to any person, firm, entity or organization except to (a) counsel of record for the parties in this Action, and counsel and staff in Defendant PG&E and IBEW's in-house Law Departments; (b) persons regularly employed by the law firms representing Plaintiff and/or the firms representing Defendants PG&E and IBEW; (c) court personnel in connection with the performance of their responsibilities relative to this Action; (d)  court reporters transcribing testimony of witnesses in this Action; (e) expert witnesses and consultants (including professional jury or trial consultants, and mock jurors) retained for the purpose of assisting counsel for a party in defending or prosecuting this Action; or (f) a witness at deposition to whom disclosure is necessary for this litigation to the extent he/she agrees on the record to be bound by this order and either authored the document or information in question or has a need to know or be shown the document or information in the course of providing testimony.  However, nothing herein shall in any way limit a party's ability to use or disclose documents/information/testimony which its own counsel has designated "Confidential – Subject to Protective Order."  Disclosure of documents/information/testimony designated as "Confidential – Subject to Protective Order," or use of the aforementioned confidential documents/information/testimony in a manner that runs contrary to this Paragraph by a party whose counsel made that designation, or by that party's counsel shall constitute waiver of the protections otherwise provided in the Order by that designation, relieving other parties or their counsel from the restrictions imposed by this Order.

9.   Any person to whom delivery, exhibition or disclosure is made of any document, information or testimony described in paragraphs 2, 3 and/or 4 above shall be subject to the provisions of this protective order. That includes all persons described in paragraph 8.   Persons described in paragraph 8(a), (b), (c) and (d) need not sign the Acknowledgement and Agreement attached as Exhibit "A", but shall be informed by counsel of the terms of this Order, and are subject to its provisions.      Prior to delivery, exhibition or disclosure of covered documents/information/testimony to the persons qualified to receive

**STIPULATION FOR PROTECTIVE ORDER AND ORDER THEREON**

1   it/them under paragraph 8 (e), and/or (f), counsel for the party making disclosure shall provide

2   each such person a copy of the protective order and shall secure from that person a signed

3   confidentiality acknowledgement in the form attached hereto as **Exhibit "A."**   That

4   acknowledgement shall state that the person receiving or seeing the covered

5   document/information/testimony has read this order, that he/she may not and shall not divulge

6   any document, information or testimony designated "Confidential – Subject to Protective

7   Order" except in strict accordance with the terms and conditions of this Order, and that he/she

8   will not utilize any document, information or testimony designated "Confidential" for any

9   purpose other than in connection with the prosecution or defense of this Action. All originals

10  of signed confidentiality acknowledgements shall be maintained by counsel for the party

11  responsible for making the disclosure and shall be made available to the producing party's

12  counsel upon reasonable request.

13       10.     Any party or counsel who files or intends to file a paper or other document with

14  the Court which reflects, contains or includes any document/information/testimony designated

15  as "Confidential" by an opposing party or that party's counsel pursuant to the terms of this

16  protective order, including any copies, reproductions, abstracts, summaries or quotations of or

17  from such document/information/testimony, shall comply with the Local Rules governing such

18  filing, including Local Rule 141.

19       11.     Any party challenging a "Confidential" designation shall initiate the dispute

20  resolution process by providing written notice of each designation it is challenging and

21  describing the basis, if known, for each challenge.   Notice under this paragraph can be served

22  by e-mail to all counsel.   To avoid ambiguity as to whether a challenge has been made, the

23  written notice must recite that the challenge to confidentiality is being made in accordance with

24  this specific paragraph of this Protective Order.   The parties shall attempt to resolve each

25  challenge in good faith and must begin the process by meeting and conferring directly (in voice

26  to voice dialogue; other forms of communication are not sufficient) within seven (7) days of

27  the date of service of notice.   In conferring, the party making the designation must explain the

28  basis for its belief that the confidentiality designation is proper.   A challenging party may seek

judicial intervention only if it has engaged in this meet and confer process first or establishes that the designating party is unable or unwilling to participate in the meet and confer process in a timely manner.

12. Nothing herein shall prevent any party from bringing an appropriate motion upon ex parte or regular notice before the Court to have a "Confidential – Subject to Protective Order" designation of a document/information/testimony imposed in whole or in part, lifted in whole or in part, or to determine whether the use or disclosure of such document/information/testimony should be restricted other than in accordance with this protective order. The party seeking to have the Court make a "Confidential" designation has the burden of proof of establishing the confidential nature of the document/information/testimony. Furthermore, nothing herein shall affect any party's right to make a formal motion upon ex parte or regular notice to the Court for a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and/or applicable Local Rule, with regard to any particular document/information/testimony, including for the purpose of seeking restrictions greater than those specified herein. Frivolous challenges to a designation, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions.

13. The parties agree to meet and confer before the final pretrial conference in this Action to arrive at a proposal for how information designated "Confidential- Subject to Protective Order" will be handled at trial.

14. Within sixty (60) days from the final termination of this Action, including any appeals, the parties and their counsel shall either (1) return all materials designated confidential, together with any and all copies, summaries and excerpts thereof, to counsel for the party producing such materials, or (2) destroy all such materials and certify in writing to the counsel for the party producing such materials that they have been destroyed. In accordance with this paragraph, the parties and their counsel shall also return to counsel or destroy all extracts or summaries of documents/information/testimony designated "Confidential – Subject

1   to Protective Order," except for those materials which in the reasonable, good faith judgment

2   of counsel constitute attorney work product.

3        15.   If a party or its counsel inadvertently permits the production or disclosure of

4   documents/information/testimony of a confidential, private, proprietary or trade secret nature

5   without designating it "Confidential – Subject to Protective Order" in accordance with this

6   Protective Order, that party or its counsel may thereafter designate the material as

7   "Confidential – Subject to Protective Order" by identifying the specific

8   document/information/testimony in letters addressed to all parties (through their respective

9   counsel), and at that time designating the document/information/testimony as "Confidential –

10  Subject to Protective Order."  From the date of receipt of any such letter, all parties and their

11  respective counsel shall treat the specific document/information/testimony as confidential in

12  accordance with the terms of this Protective Order, subject to further direction from the Court.

13       16.   If a party learns that, by inadvertence or otherwise, it has disclosed Protected

14  Material to any person or in any circumstance not authorized under this Protective Order, that

15  party must immediately (a) notify in writing the designating party of the unauthorized

16  disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material,

17  (c) inform the person or persons to whom unauthorized disclosures were made of all the terms

18  of this Order, and (d) request such person or persons to execute the "Acknowledgment and

19  Agreement to Be Bound" that is attached hereto as Exhibit A.

20       17.   The obligations of confidentiality contained in this protective order shall remain

21  effective following the termination of the Action and the Court shall retain jurisdiction to

22  enforce all provisions of this Order as well as to remedy any violation of it.  In addition, the

23  Court shall at all times have jurisdiction to resolve any dispute which may arise under the

24  terms of this Protective Order on an ex parte basis or upon a regularly noticed motion,

25  including but not limited to issues concerning whether some document/information/testimony

26  has been improperly designated as "Confidential – Subject to Protective Order."

27       18.   By stipulating to the entry of this Protective Order, no party waives any right it

28  otherwise would have to object to disclosing or producing any information or item on any

ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.  The designation of any document, information or testimony shall not be construed as an admission of relevance or admissibility.  This Order may only be introduced into evidence by a party in connection with a motion or other proceeding to enforce the terms or obtain clarification of this order.

19.    Nothing in this Order prevents a party from redacting those portions of a document which are not responsive to document requests, or from redacting confidential, private or privileged information, or from substituting unique identifiers for persons' names, to protect their privacy.

20.    Plaintiffs, Defendant PG&E, and Defendant IBEW Local 1245 are each separate and distinct parties in this action.  Thus, a document designated "Confidential" by Defendant PG&E must be treated as "Confidential," in accordance with the above, by Plaintiffs and Defendant IBEW Local 1245, and each of them.  Likewise, a document designated "Confidential" by Defendant IBEW Local 1245 must be treated as "Confidential," in accordance with the above, by Plaintiffs and Defendant PG&E, and each of them.

21.    A non-party that produces documents or information in response to a subpoena or other third party discovery, including at or in connection with a deposition, has the same right to designate such documents and information as Confidential as the Parties to the Action, and once so designated, all such documents and information will be subject to the terms of this Order.

22.    Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

**IT IS SO STIPULATED.**

1

2

3   DATED:  August  _15_, 2016          **WANGER JONES HELSLEY PC**

4

5                                       By: _____ */s/ Patrick D. Toole*_____
                                            Patrick D. Toole
6                                           Dylan J. Crosby
                                            Erin T. Huntington
7                                           Attorneys for PLAINTIFFS on behalf of
                                            themselves and all others similarly situated
8

9

10  DATED:  August  _15_, 2016          **LITTLER MENDELSON, P.C.**

11

12                                      By: _____ */s/ Aurelio Pérez*_____
                                            Robert G. Hulteng
13                                          Joshua D. Kienitz
                                            Aurelio J. Perez
14                                          Attorneys for Defendant, Pacific Gas &
                                            Electric Company
15

16

17

18  DATED:  August  _15_, 2016          **LEONARD CARDER, LLP**

19

20                                      By: _ */s/ Philip Monrad*_____
                                            Philip Monrad
21
                                        **IBEW LOCAL 1245**
22

23

24                                      By: _ */s/ Alex Pacheco*_____
                                            Alex Pacheco
25
                                            Attorneys for Defendant, IBEW Local 1245
26

27

28

**STIPULATION FOR PROTECTIVE ORDER AND ORDER THEREON**

1
2

### ORDER

3      The Court has reviewed the above stipulation and adopts it except that the terms related
4   to judicial intervention outlined in paragraphs 11 and 12 will not be automatic; rather, the
5   Court will determine on a case-by-case basis whether judicial intervention is warranted.  In
6   order to file a motion under this paragraph, counsel must receive permission from the Court
7   following an informal telephone conference.  A party wishing to schedule such a conference
8   should contact chambers at (559) 499-5962 to receive available dates.  The Court will schedule
9   the conference as soon as possible, taking into consideration the urgency of the issue.  Prior to
10   the conference, the Court will require the parties to submit letter briefs of no more than 3 pages
11   in length to chambers for review.  Telephonic conferences will not be on the record and the
12   Court will not issue a formal ruling at that time.  Nevertheless, the Court will attempt to
13   provide guidance to the parties to narrow or dispose of the dispute.  If no resolution is reached,
14   the Court will consider whether the filing of a formal motion is appropriate.
15      The Court declines to adopt paragraph 17 to the extent it is inconsistent with Local Rule
16   141.1(f).
17
18   IT IS SO ORDERED.
19
20      Dated:   **August 17, 2016**          /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE
21
22
23
24
25
26
27
28

**STIPULATION FOR PROTECTIVE ORDER AND ORDER THEREON**