1
2
3
4
5

**WANGER JONES HELSLEY PC**
265 E. River Park Circle, Suite 310
Fresno, California  93720
Telephone:   (559) 233-4800
Facsimile:    (559) 233-9330
Patrick D. Toole #19011
Dylan J. Crosby #299536
Erin T. Huntington #306037

6
7
8
9

**LITTLER MENDELSON, P.C.**
Joshua D. Kienitz #244903
Aurelio J. Perez #282135
650 California Street, 20th Floor
San Francisco, California 94108-2693
Telephone: 415.433.1940
Facsimile: 415.399.8490

10
11
12
13
14

**LEONARD CARDER, LLP**
Philip Monrad #151073
1330 Broadway, Suite 1450
Oakland, CA 94612
Telephone: (510) 272-0169
Fax: (510) 272-0174

15
16
17

**IBEW LOCAL UNION 1245**
Alex Pacheco #302852
30 Orange Tree Circle
Vacaville, CA 95687
Telephone: (707) 452-2751

18

**UNITED STATES DISTRICT COURT**

19

**EASTERN DISTRICT OF CALIFORNIA**

20
21

BECKY GREER; TIMOTHY C. BUDNIK;
ROSARIO SAENZ; and IAN CARTY,
Individually and as "Class Representatives,"

22

Plaintiffs,

23

v.

24
25

PACIFIC GAS AND ELECTRIC
COMPANY, and DOES 1 through 10,
inclusive,

26

Defendants.

27

Case No.  1:15-CV-01066—EPG

**CLASS ACTION**

**STIPULATION FOR
PROTECTIVE ORDER AND
AMENDED[1] ORDER THEREON**
**[Fed. R. Civ. P. 26(c)]**

Hon. Erica P Grosjean

Complaint filed: July 10, 2015

28

---

[1] The original order adopting the Stipulation for Protective Order (ECF No. 76) omitted Exhibit A to the Stipulation. This amended version attaches the correct exhibit.

1    Through their respective attorneys of record, pursuant to Rule 26(c) of the

2    Federal Rules of Civil Procedure and Local Rule 141.1, Plaintiffs Becky Greer, Timothy C.

3    Budnik, Rosario Saenz, Ian Carty and Haley Markwith (collectively "Plaintiffs") and

4    Defendants Pacific Gas and Electric Company ("PG&E") and IBEW Local 1245 (the "IBEW")

5    hereby stipulate to the following protective order for the purpose of preventing unnecessary

6    disclosure or inappropriate use of confidential, private, proprietary and/or trade secret business

7    information contained in certain documents, deposition testimony or discovery responses

8    provided during the course of the above entitled lawsuit (the "Action").

9    IBEW seeks by this Protective Order to prevent disclosure of: 1) the names,

10   contact information, and employment status or history, personnel file and/or Union affiliation,

11   of PG&E employees within the bargaining units represented by IBEW who are not parties to

12   this action; 2) confidential internal union communications and/or documents, including but not

13   limited to grievance files and negotiating notes, disclosure of which could jeopardize IBEW's

14   ability to negotiate on a level playing field with signatory employers.

15   PG&E concurs with the IBEW's and Plaintiffs' desire for a protective order and

16   further seeks by this Protective Order to prevent disclosure of: 1) the names, contact

17   information, and employment status or history, personnel file, confidential information, and/or

18   Union affiliation, of PG&E employees within the bargaining units represented by IBEW who

19   are not parties to this action; 2) confidential internal PG&E communications and/or documents,

20   including but not limited to grievance files and negotiating notes.

21   Protection of this information should be addressed by a court order as opposed

22   to private agreement, because the imprimatur of a court order will enhance the effectiveness of

23   the protections set out below.  Also, the court's continuing jurisdiction to enforce this

24   agreement, as provided below, will enable the parties to remedy any breach of or disputes

25   regarding this order, as opposed to the more cumbersome and uncertain procedures for

26   enforcing a private agreement.

27   1.    Accordingly, the Parties stipulate to entry of a Protective Order, as set out

28   below: During this Action, one or more parties may produce certain documents, provide

**STIPULATION FOR PROTECTIVE ORDER AND AMENDED ORDER THEREON**

1    written discovery responses and/or provide or elicit deposition testimony containing
2    confidential, private, proprietary and/or trade secret business information.

3        2.    The protections conferred by this Protective Order cover not only all items or
4    information, regardless of the medium or manner in which it is generated, stored, or maintained
5    (including, among other things, testimony, transcripts, and tangible things), that are produced
6    or generated in disclosures or responses to discovery in this matter that has been designated as
7    "Confidential" and subject to this Protective Order (i.e., "Protected Material"), but also (1) any
8    information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or
9    compilations of Protected Material; and (3) any testimony, conversations, or presentations by
10   Parties or their Counsel that might reveal Protected Material.

11       3.    Documents produced by a person, entity, party, or counsel may stamp or
12   otherwise label that document with the words "Confidential – Subject to Protective Order"
13   prior to production, which shall render that document and the information contained in it
14   subject to this Protective Order.  Stamping or otherwise marking "Confidential – Subject to
15   Protective Order" on the first page of any multi-page document shall designate all pages of the
16   document as confidential and subject to this Order, unless otherwise expressly indicated by the
17   party producing that document.  To the extent practicable, only confidential information should
18   be designated accordingly.  For example, a single, confidential word or sentence does not
19   render an entire page confidential.

20       4.    A party that makes original documents or materials available for inspection
21   need not designate them for protection until after the inspecting party has indicated which
22   material it would like copied and produced.  During the inspection and before the designation,
23   all of the material made available for inspection shall be deemed strictly confidential and
24   subject to this Order.  After the inspecting party has identified the documents it wants copied
25   and produced, the producing party must determine which documents, or portions thereof,
26   qualify for protection under this Order.  Then, before producing the specified documents, the
27   producing party must affix the "Confidential – Subject to Protective Order" legend to each
28   page that contains Protected Material.

5.     For information produced in some form other than documentary and for any other tangible items, the producing party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "Confidential – Subject to Protective Order."

6.     With respect to written discovery responses provided by a party, either that party or its counsel may designate a particular response (or portion of a response) as containing confidential information by stamping or otherwise marking the word "Confidential – Subject to Protective Order" on the page or pages containing that discovery response or by explicitly stating within the response itself that the information contained therein is confidential and subject to a protective order, either of which designation shall render that response and the information contained in it subject to this Protective Order.   Again, the confidentiality designation is intended to be limited and cover only "Confidential" information as detailed in paragraph 3, above.

7.     Except as noted below, the original and all attorneys' copies of deposition transcripts shall initially be considered not to contain confidential information and shall only be subject to the relevant provisions of this Order if the requesting attorney for a party at the deposition on the record designates portions of the testimony confidential, or within ten (10) days after receipt of the transcript writes to the court reporter and opposing counsel to identify the specific portions of testimony which are deemed by him or her to include confidential information.  The reporter shall promptly conform the original copy and counsel shall conform their copies in accordance with the requesting attorney's designation.  All deposition testimony of a witness which is designated "Confidential" shall be contained in a separate transcript, the first page of which shall bear the legend "Confidential – Subject to Protective Order."  To facilitate "Confidential" designation of deposition testimony within 10 days of receipt of the transcript, the parties shall treat all deposition testimony during that 10-day period as provisionally designated "Confidential" subject to the protections of this Order.

8.     Any document, information or testimony designated as "Confidential – Subject to Protective Order" in accordance with paragraphs 2, 3 and/or 4 above shall not be used for

any purpose whatsoever other than in connection with the prosecution, defense or settlement of this Action.   Such document/information/testimony shall not be delivered, exhibited, furnished or disclosed in whole or in part to any person, firm, entity or organization except to (a) counsel of record for the parties in this Action, and counsel and staff in Defendant PG&E and IBEW's in-house Law Departments; (b) persons regularly employed by the law firms representing Plaintiff and/or the firms representing Defendants PG&E and IBEW; (c) court personnel in connection with the performance of their responsibilities relative to this Action; (d)  court reporters transcribing testimony of witnesses in this Action; (e) expert witnesses and consultants (including professional jury or trial consultants, and mock jurors) retained for the purpose of assisting counsel for a party in defending or prosecuting this Action; or (f) a witness at deposition to whom disclosure is necessary for this litigation to the extent he/she agrees on the record to be bound by this order and either authored the document or information in question or has a need to know or be shown the document or information in the course of providing testimony.  However, nothing herein shall in any way limit a party's ability to use or disclose documents/information/testimony which its own counsel has designated "Confidential – Subject to Protective Order."  Disclosure of documents/information/testimony designated as "Confidential – Subject to Protective Order," or use of the aforementioned confidential documents/information/testimony in a manner that runs contrary to this Paragraph by a party whose counsel made that designation, or by that party's counsel shall constitute waiver of the protections otherwise provided in the Order by that designation, relieving other parties or their counsel from the restrictions imposed by this Order.

9.     Any person to whom delivery, exhibition or disclosure is made of any document, information or testimony described in paragraphs 2, 3 and/or 4 above shall be subject to the provisions of this protective order. That includes all persons described in paragraph 8.   Persons described in paragraph 8(a), (b), (c) and (d) need not sign the Acknowledgement and Agreement attached as Exhibit "A", but shall be informed by counsel of the terms of this Order, and are subject to its provisions.     Prior to delivery, exhibition or disclosure of covered documents/information/testimony to the persons qualified to receive

STIPULATION FOR PROTECTIVE ORDER AND AMENDED ORDER THEREON

1    it/them under paragraph 8 (e), and/or (f), counsel for the party making disclosure shall provide

2    each such person a copy of the protective order and shall secure from that person a signed

3    confidentiality acknowledgement in the form attached hereto as **Exhibit "A."**   That

4    acknowledgement shall state that the person receiving or seeing the covered

5    document/information/testimony has read this order, that he/she may not and shall not divulge

6    any document, information or testimony designated "Confidential – Subject to Protective

7    Order" except in strict accordance with the terms and conditions of this Order, and that he/she

8    will not utilize any document, information or testimony designated "Confidential" for any

9    purpose other than in connection with the prosecution or defense of this Action. All originals

10   of signed confidentiality acknowledgements shall be maintained by counsel for the party

11   responsible for making the disclosure and shall be made available to the producing party's

12   counsel upon reasonable request.

13       10.     Any party or counsel who files or intends to file a paper or other document with

14   the Court which reflects, contains or includes any document/information/testimony designated

15   as "Confidential" by an opposing party or that party's counsel pursuant to the terms of this

16   protective order, including any copies, reproductions, abstracts, summaries or quotations of or

17   from such document/information/testimony, shall comply with the Local Rules governing such

18   filing, including Local Rule 141.

19       11.     Any party challenging a "Confidential" designation shall initiate the dispute

20   resolution process by providing written notice of each designation it is challenging and

21   describing the basis, if known, for each challenge.  Notice under this paragraph can be served

22   by e-mail to all counsel.  To avoid ambiguity as to whether a challenge has been made, the

23   written notice must recite that the challenge to confidentiality is being made in accordance with

24   this specific paragraph of this Protective Order.  The parties shall attempt to resolve each

25   challenge in good faith and must begin the process by meeting and conferring directly (in voice

26   to voice dialogue; other forms of communication are not sufficient) within seven (7) days of

27   the date of service of notice.  In conferring, the party making the designation must explain the

28   basis for its belief that the confidentiality designation is proper.  A challenging party may seek

**STIPULATION FOR PROTECTIVE ORDER AND AMENDED ORDER THEREON**

1  judicial intervention only if it has engaged in this meet and confer process first or establishes

2  that the designating party is unable or unwilling to participate in the meet and confer process in

3  a timely manner.

4        12.    Nothing herein shall prevent any party from bringing an appropriate motion

5  upon ex parte or regular notice before the Court to have a "Confidential – Subject to Protective

6  Order" designation of a document/information/testimony imposed in whole or in part, lifted in

7  whole or in part, or to determine whether the use or disclosure of such

8  document/information/testimony should be restricted other than in accordance with this

9  protective order.  The party seeking to have the Court make a "Confidential" designation has

10 the burden of proof of establishing the confidential nature of the

11 document/information/testimony.  Furthermore, nothing herein shall affect any party's right to

12 make a formal motion upon ex parte or regular notice to the Court for a protective order

13 pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and/or applicable Local Rule,

14 with regard to any particular document/information/testimony, including for the purpose of

15 seeking restrictions greater than those specified herein.  Frivolous challenges to a designation,

16 and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and

17 burdens on other parties) may expose the challenging party to sanctions.

18       13.    The parties agree to meet and confer before the final pretrial conference in this

19 Action to arrive at a proposal for how information designated "Confidential- Subject to

20 Protective Order" will be handled at trial.

21       14.    Within sixty (60) days from the final termination of this Action, including any

22 appeals, the parties and their counsel shall either (1) return all materials designated

23 confidential, together with any and all copies, summaries and excerpts thereof, to counsel for

24 the party producing such materials, or (2) destroy all such materials and certify in writing to the

25 counsel for the party producing such materials that they have been destroyed.  In accordance

26 with this paragraph, the parties and their counsel shall also return to counsel or destroy all

27 extracts or summaries of documents/information/testimony designated "Confidential – Subject

28

to Protective Order," except for those materials which in the reasonable, good faith judgment of counsel constitute attorney work product.

15.    If a party or its counsel inadvertently permits the production or disclosure of documents/information/testimony of a confidential, private, proprietary or trade secret nature without designating it "Confidential – Subject to Protective Order" in accordance with this Protective Order, that party or its counsel may thereafter designate the material as "Confidential – Subject to Protective Order" by identifying the specific document/information/testimony in letters addressed to all parties (through their respective counsel), and at that time designating the document/information/testimony as "Confidential – Subject to Protective Order." From the date of receipt of any such letter, all parties and their respective counsel shall treat the specific document/information/testimony as confidential in accordance with the terms of this Protective Order, subject to further direction from the Court.

16.    If a party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, that party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

17.    The obligations of confidentiality contained in this protective order shall remain effective following the termination of the Action and the Court shall retain jurisdiction to enforce all provisions of this Order as well as to remedy any violation of it. In addition, the Court shall at all times have jurisdiction to resolve any dispute which may arise under the terms of this Protective Order on an ex parte basis or upon a regularly noticed motion, including but not limited to issues concerning whether some document/information/testimony has been improperly designated as "Confidential – Subject to Protective Order."

18.    By stipulating to the entry of this Protective Order, no party waives any right it otherwise would have to object to disclosing or producing any information or item on any

**STIPULATION FOR PROTECTIVE ORDER AND AMENDED ORDER THEREON**

ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.  The designation of any document, information or testimony shall not be construed as an admission of relevance or admissibility.  This Order may only be introduced into evidence by a party in connection with a motion or other proceeding to enforce the terms or obtain clarification of this order.

19.    Nothing in this Order prevents a party from redacting those portions of a document which are not responsive to document requests, or from redacting confidential, private or privileged information, or from substituting unique identifiers for persons' names, to protect their privacy.

20.    Plaintiffs, Defendant PG&E, and Defendant IBEW Local 1245 are each separate and distinct parties in this action.  Thus, a document designated "Confidential" by Defendant PG&E must be treated as "Confidential," in accordance with the above, by Plaintiffs and Defendant IBEW Local 1245, and each of them.  Likewise, a document designated "Confidential" by Defendant IBEW Local 1245 must be treated as "Confidential," in accordance with the above, by Plaintiffs and Defendant PG&E, and each of them.

21.    A non-party that produces documents or information in response to a subpoena or other third party discovery, including at or in connection with a deposition, has the same right to designate such documents and information as Confidential as the Parties to the Action, and once so designated, all such documents and information will be subject to the terms of this Order.

22.    Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

**IT IS SO STIPULATED.**

DATED:  August  15 , 2016          **WANGER JONES HELSLEY PC**


By:              /s/  Patrick D. Toole
    Patrick D. Toole
    Dylan J. Crosby
    Erin T. Huntington
    Attorneys for PLAINTIFFS on behalf of
    themselves and all others similarly situated

DATED:  August  15 , 2016          **LITTLER MENDELSON, P.C.**


By:        /s/ Aurelio Pérez
    Robert G. Hulteng
    Joshua D. Kienitz
    Aurelio J. Perez
    Attorneys for Defendant, Pacific Gas &
    Electric Company


DATED:  August  15 , 2016          **LEONARD CARDER, LLP**


By:   /s/ Philip Monrad
    Philip Monrad

**IBEW LOCAL 1245**


By:  /s/ Alex Pacheco
    Alex Pacheco

    Attorneys for Defendant, IBEW Local 1245

**STIPULATION FOR PROTECTIVE ORDER AND AMENDED ORDER THEREON**

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND TO STIPULATED**

**PROTECTIVE ORDER**

I, _____ [print or type full name], of

_____ [print or type full address], declare

under penalty of perjury that I have received a copy of, read in its entirety, and understand the

Stipulated Protective Order that was issued by the United States District Court for the Eastern

District of California in the case of *Becky Greer et. al. v. Pacific Gas and Electric Company, et*

*al.*, Case No. 1:15-CV-01066-EPG.  I agree to comply with and to be bound by all the terms of

this Stipulated Protective Order and I understand and acknowledge that failure to so comply

could expose me to sanctions and punishment in the nature of contempt as permitted by law. I

solemnly promise that I will not disclose in any manner any information or item that is subject

to this Stipulated Protective Order to any person or entity except in strict compliance with the

provisions of this Order, and that subject to the terms of the Stipulated Protective Order, I will

use such information that is disclosed to me only for purposes of this case.

I further agree to submit to the jurisdiction of United States District Court for the

Eastern District of California for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this action.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

**STIPULATION FOR PROTECTIVE ORDER AND AMENDED ORDER THEREON**

1

## **ORDER**

2      The Court has reviewed the above stipulation and adopts it except that the terms related

3  to judicial intervention outlined in paragraphs 11 and 12 will not be automatic; rather, the

4  Court will determine on a case-by-case basis whether judicial intervention is warranted.  In

5  order to file a motion under this paragraph, counsel must receive permission from the Court

6  following an informal telephone conference.  A party wishing to schedule such a conference

7  should contact chambers at (559) 499-5962 to receive available dates.  The Court will schedule

8  the conference as soon as possible, taking into consideration the urgency of the issue.  Prior to

9  the conference, the Court will require the parties to submit letter briefs of no more than 3 pages

10 in length to chambers for review.  Telephonic conferences will not be on the record and the

11 Court will not issue a formal ruling at that time.  Nevertheless, the Court will attempt to

12 provide guidance to the parties to narrow or dispose of the dispute.  If no resolution is reached,

13 the Court will consider whether the filing of a formal motion is appropriate.

14      The Court declines to adopt paragraph 17 to the extent it is inconsistent with Local Rule

15 141.1(f).

16

17 IT IS SO ORDERED.

18

19    Dated:   **August 18, 2016**                    /s/ *Erica P. Groj*

20                                                     UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28

**STIPULATION FOR PROTECTIVE ORDER AND AMENDED ORDER THEREON**