**WANGER JONES HELSLEY PC**
265 E. River Park Circle, Suite 310
Fresno, California 93720
Telephone:  (559) 233-4800
Facsimile:   (559) 233-9330
Patrick D. Toole #19011
Dylan J. Crosby #299536
Erin T. Huntington #306037

**LITTLER MENDELSON, P.C.**
Joshua D. Kienitz #244903
Aurelio J. Perez #282135
333 Bush Street, 34th Floor
San Francisco, California 94104
Telephone: 415.433.1940
Facsimile: 415.399.8490

**LEONARD CARDER, LLP**
Philip Monrad #151073
1330 Broadway, Suite 1450
Oakland, CA 94612
Telephone: (510) 272-0169
Fax: (510) 272-0174

**IBEW LOCAL UNION 1245**
Alex Pacheco #302852
30 Orange Tree Circle
Vacaville, CA 95687
Telephone: (707) 452-2751

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BECKY GREER; TIMOTHY C. BUDNIK; ROSARIO SAENZ; HALEY MARKWITH and IAN CARTY, Individually and as "Class Representatives,"<br><br>Plaintiffs,<br><br>v.<br><br>PACIFIC GAS AND ELECTRIC COMPANY, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.  1:15-CV-01066—EPG<br><br>**STIPULATED SCHEDULING ORDER** |

{7608/002/00649846.DOCX}

1

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and by this Court's August 19, 2016 Order (*Dkt. No.* 80), Plaintiffs BECKY GREER ("GREER"), TIMOTHY C. BUDNIK ("BUDNIK"), ROSARIO SAENZ ("SAENZ"), HALEY MARKWITH ("MARKWITH"), and IAN CARTY ("CARTY"), on behalf of themselves and all others similarly situated ("PLAINTIFFS"), and Defendants Pacific Gas and Electric Company ("PG&E") and IBEW Local 1245 ("IBEW") (collectively, "DEFENDANTS"), (collectively, the "PARTIES") hereby stipulate to the following Proposed Order regarding extensions to discovery deadlines:

1. **Deadline to Complete Pre-Certification Non-Expert Written Discovery Excluding Depositions**

    November 21, 2016. (*Dkt. No.* 80.)

2. **Deadline to Complete Pre-Certification Non-Expert Depositions**

    January 27, 2017. (*Dkt. No.* 80.)

3. **Deadline for Initial Expert Witness Disclosures**

    February 24, 2017.

4. **Deadline for Rebuttal Expert Witness Disclosures**

    March 31, 2017.

5. **Deadline to Complete Expert Discovery**

    April 28, 2017.

6. **Plaintiffs' Motion for Class Certification**

    June 16, 2017.

7. **Defendants' Opposition to Motion for Class Certification**

    July 21, 2017.

8. **Plaintiffs' Reply In Support of Motion for Class Certification**

    August 11, 2017.

9. **Hearing On Motion for Class Certification**

    August 25, 2017.

**10.     Deadline for Hearings on Non-Dispositive Motions**

January 15, 2018. Discovery motions shall comply with the requirements of Fed. R. Civ. P. 37 and Local Rule 251. The PARTIES are also on notice that the longer they wait to file a non-dispositive motion will heighten the standard for showing good cause.

**11.     Deadline for Hearings on Dispositive Motions**

January 29, 2018. Prior to filing a motion for summary judgment or motion for summary adjudication, however, the PARTIES are ordered to meet and confer, in person or by telephone, to discuss the issues to be raised in the motion. In addition to complying with the requirements of Local Rule 260, the parties must prepare a Joint Statement of Undisputed Facts, which identifies all relevant facts subject to agreement by all parties. The moving party is responsible for filing the joint statement. In the notice of motion, the moving party shall certify that the parties have met and conferred as ordered above, or set forth a statement of good cause for the failure to do so.

**12.     Pre-Trial Conference:**

March 15, 2018, or as soon thereafter as the Court's schedule permits.

**13.     Trial:**

April 16, 2018, or as soon thereafter as the Court's schedule permits.

**IT IS SO STIPULATED.**

**I.     ADDITIONAL UNSTIPULATED REQUEST BY DEFENDANT PG&E**

In addition to the above, PG&E proposes the following deadlines:

**1.     Deadline to Amend Pleadings:**

November 21, 2016, subject to the same conditions set forth in the Court's prior Class Action Scheduling Conference Order (Dkt. No. 44), to wit: "If the parties do not stipulate to an amendment, any motion to amend must meet the requirements under Fed. R. Civ. P. 15(a), and must not be: (1) prejudicial to the opposing party; (2) the product of undue delay; (3) proposed in bad faith; or (4) futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). [¶] After [November 21, 2016], any motion for leave to amend will only be granted in the Court's

1  discretion taking into account good cause and prejudice to the parties. Fed. R. Civ. P. 16 (b)

2  (4); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F. 2d 604, 609 (9th Cir. 1992).

4  DATED:  August 26, 2016         **WANGER JONES HELSLEY PC**

5                                  By:         */s/ Patrick D. Toole*
                                        Patrick D. Toole,
6                                       Dylan J. Crosby,
                                        Erin T. Huntington
7                                       Attorneys for PLAINTIFFS on behalf of
                                        themselves and all others similarly situated
8

10 DATED:  August 26, 2016         **LITTLER MENDELSON, P.C.**

12                                  By:         */s/ Aurelio J. Perez*
                                        Robert G. Hulteng
13                                      Joshua D. Kienitz
                                        Aurelio J. Perez
14                                      Attorneys for Defendant, Pacific Gas &
                                        Electric Company
15

16 DATED:  August 26, 2016         **LEORNARD CARDER, LLP**

18                                  By:         */s/ Philip Monrad*
                                        Philip Monrad
19                                      Alex Pacheco
                                        Attorneys for Defendant, IBEW Local 1245

{7608/002/00649846.DOCX}

**ORDER**

Based on the above stipulation and good cause appearing, the Court amends the Scheduling Conference Order as follows:

1. **Deadline to Complete Pre-Certification Non-Expert Written Discovery Excluding Depositions**

    November 21, 2016

2. **Deadline to Complete Pre-Certification Non-Expert Depositions**

    January 27, 2017

3. **Deadline for Initial Expert Witness Disclosures**

    February 24, 2017

4. **Deadline for Rebuttal Expert Witness Disclosures**

    March 31, 2017

5. **Deadline to Complete Expert Discovery**

    April 28, 2017

6. **Plaintiffs' Motion for Class Certification**

    June 16, 2017

7. **Defendants' Opposition to Motion for Class Certification**

    July 21, 2017

8. **Plaintiffs' Reply In Support of Motion for Class Certification**

    August 11, 2017

9. **Hearing On Motion for Class Certification**

    August 25, 2017 at 10:00 a.m. in Courtroom 10

10. **Deadline for Hearings on Non-Dispositive Motions**

    January 12, 2018[1]

11. **Deadline for Hearings on Dispositive Motions**

    January 26, 2018[2]

---

[1] This deadline has been moved from the parties' proposed deadline to accommodate the Court's calendar.
[2] This deadline has been moved from the parties' proposed deadline to accommodate the Court's calendar.

{7608/002/00649846.DOCX}

**12. <u>Pre-Trial Conference:</u>**

March 15, 2018 at 11:00 a.m. in Courtroom 10.

**13. <u>Trial:</u>**

May 15, 2018 at 8:30 a.m. in Courtroom 10.

As discussed at the discovery hearing on August 30, 2016, the Court also sets a status conference for **November 21, 2016** at **2:00 p.m.** in Courtroom 10. A joint status report shall be filed with the Court and emailed to chambers at epgorders@caed.uscourts.gov no later than November 14, 2016.

As discussed on the record at the discovery hearing on August 18, 2016, the Court declines to set a deadline for the amendment of any pleadings. As noted by the Court's Scheduling Conference Order, however, leave to amend will be progressively more difficult to obtain as the case progresses and Plaintiff is advised that any undue delays in requesting such leave may result in denial of the request.

IT IS SO ORDERED.

Dated:   **August 31, 2016**         /s/ Erica P. Grosjean
                                     UNITED STATES MAGISTRATE JUDGE