UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BECKY GREER, TIMOTHY C. BUDNIK, ROSARIO SAENZ, and IAN CARTY, individually and as class representatives,<br><br>Plaintiffs,<br><br>v.<br><br>PACIFIC GAS AND ELECTRIC COMPANY, DOES 1 through 10, inclusive, and IBEW LOCAL 1245,<br><br>Defendants. | Case No. 1:15-cv-01066-EPG<br><br>**ORDER AFTER HEARING RE: SERVICE REPRESENTATIVE I DISCOVERY DISPUTE**<br><br>(ECF No. 84) |

On August 30, 2016, the Court heard oral argument on the parties' discovery disagreement regarding the scope of Plaintiffs' discovery requests. (ECF No. 84.) Patrick Toole and Erin Huntington appeared for Plaintiffs. Aurelio Perez and Joshua Kienitz appeared telephonically for Defendant Pacific Gas and Electric. Philip Monrad appeared telephonically for Defendant IBEW Local 1245. For the reasons described on the record and in this Order, the Court issues the following written order regarding the parties' discovery dispute.

Plaintiffs seeks discovery in this case regarding all PG&E employees categorized as Service Representative I ("SR I") employees. PG&E has objected to the scope of discovery,

asserting that there are two kinds of SR I employees working at PG&E and that this litigation only involves those SR I employees who worked at PG&E "contact centers," rather than those who worked at PG&E local offices.[1]  Plaintiffs also contend that PG&E has not produced responsive information to several of Plaintiffs' special interrogatories regarding all SR I employees, despite agreeing in the meet and confer process to do so.

Under Rule 37 of the Federal Rules of Civil Procedure, a party may move for an order "compelling disclosure or discovery" when a responding party has failed to respond or has provided evasive or incomplete responses. The scope of permissible discovery is intentionally broad and can include "any nonprivileged matter that is relevant to any party's claim or defense . . . . the court may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1).  While "relevancy should be construed liberally and with common sense, rather than in terms of narrow legalisms . . . [d]iscovery of information that has no conceivable bearing on the case should not . . . be allowed." *Miller v. Pancucci*, 141 F.R.D. 292, 296 (C.D. Cal. 1992).  The allegations in a complaint may define the scope of relevancy.  *Id.* (precluding discovery request regarding instances of "bigotry" where no allegations of bigotry were made in the complaint).

In this case, while the Second Amended Complaint ("SAC") refers to SR I employees without restriction, the allegations all focus on contact center SR I employees, rather than local office SR I employees.  Each of the named class representatives worked at a contact center, (SAC at ¶ 10 ("Plaintiffs Becky Greer, Haley Markwith, and Timothy C. Budnik are residents of Fresno, California and work at Defendant's Fresno, California Contact Center. Defendant employs or has employed numerous other Proposed Class members as 'Service Representative I' personnel at its Fresno, California Contact Center."), and there are no specific allegations of underpayment regarding local office SRI employees.

Additionally, the SAC revolves around the underyling union-instigated grievance process, which is arguably a jurisdictional prerequisite to this Court's adjudication of the dispute.  Based

---

[1] "Contact center" employees are those who work in centralized call centers and assist customers by phone, while local office employees are deployed at local sites and assist customers in person.

on ths information submitted in connection with this motion, the underlying grievance appears to involve only contact center employees, rather than local office employees.  (Joint Statement of Facts, pg. 26, ECF No. 84 ("Some new employees who have completed, and are currently enrolled in the 2011 CSR classes at the PG&E Call Centers (Sacramento), have questioned their starting rate of pay of $18.").)[2]  Likewise, the settlement agreement that concluded the grievance process states that it concerns solely contact center employees.  (Declaration of Doug Veader, Exh. B, pg. 8, ECF No. 60 ("Local 1245 has filed Business Manager Grievance 23159 relating to the implementation of PRC Decision 21052 regarding the starting rate of pay for newly hired Call Center Service Representatives 1's ('SR1's') that have prior clerical experience.").)

Thus, with the exceptions noted below, the Court will limit discovery at this time to SR I employees who worked at contact centers, rather than local offices.  Plaintiffs have represented, however, that discovery is ongoing and that they have additional potential class members who worked at local offices.  The Court is not precluding an amendment that would include SR I employees working at local offices, and the Court will consider such an amendment on its merits at that time.  Such an amendment may require the Court to revisit this question and could change the scope of relevant discovery.

That said, this distinction between types of SR I employees was raised late in the process by PG&E--after motions to dismiss and after substantial negotiation over the scope of discovery. There still appears to be substantial confusion among the parties regarding the distinction.  Thus, the Court permits certain limited discovery on SR I local office employees even without amendment to the complaint, in order to help understand the scope of the class and to enforce discovery agreements already made among the parties.  Accordingly, Defendants shall provide discovery regarding grievances related to the SR I position, without limitation regarding the type of SR I work.  Similarly, Defendants shall provide any advertisements related to the SR I position, without limitation.

---

[2] Page numbers are identified by the CM/ECF generated number located in the upper right hand corner of each document.

Furthermore, according to a May 4, 2016 meet and confer letter to Plaintiffs, PG&E has already agreed to provide a list of all SR I employees, not limited to contact center employees, along with their dates of hire, their starting wage rates, the last date former SR I employees were employed as SR Is, and the final hourly rates they were paid.  Despite agreeing to provide this information in May 2016, PG&E has not yet done so.  PG&E is thus directed to provide the requested information.  In light of the Court's observations with respect to the distinction between local office and contact center SR I's, PG&E shall also provide information in this list that identifies which employees worked at contact centers and which employees worked at local offices.

For the reasons set forth above, the Court denies in part and grants in part Plaintiffs' request to compel discovery responses.  Specifically:

1. Unless and until Plaintiffs successfully amend the Second Amended Complaint to include allegations relating to local office Service Representative I employees, the scope of discovery is limited to information regarding contact center Service Representative I employees; provided, however:

    a. Defendants shall produce any documents related union grievances regarding local office Service Representative I employees, including but not limited to Grievance Nos. 21052 and 23159; and,

    b. Defendants shall produce any advertisements for the recruitment of local office Service Representative I employees.

\\\
\\\
\\\
\\\
\\\
\\\
\\\

2. Defendant PG&E shall produce responses to Plaintiffs' Special Interrogatories Nos. 1 – 4 as discussed in the May 4, 2016 meet and confer letter from Aurelio Perez to Dylan Crosby and Erin Huntington.  PG&E shall also identify which of the employees in the list worked in a contact center and which of the employees in the list worked in a local office.

IT IS SO ORDERED.

Dated:  **September 6, 2016**            /s/ Erin P. Groj
                                         UNITED STATES MAGISTRATE JUDGE