UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BECKY GREER, TIMOTHY C. BUDNIK, ROSARIO SAENZ, IAN CARTY, HALEY MARKWITH, MARIA GARCIA PESINA, and MONICA MULDROW, individually and as class representatives,<br><br>Plaintiffs,<br><br>v.<br><br>PACIFIC GAS AND ELECTRIC COMPANY, DOES 1 through 10, inclusive, and IBEW LOCAL 1245,<br><br>Defendants. | **Case No. 1:15-cv-01066-EPG**<br><br>**ORDER AFTER HEARING RE: MOTIONS TO COMPEL**<br><br>(ECF No. 106) |

On December 9, 2016, this Court heard the motions to compel of Plaintiffs Becky Greer, Timothy C. Budnik, Rosario Saenz, Ian Carty, Haley Markwith, Maria Garcia Pesina, and Monica Muldrow and Defendant Pacific Gas and Electric ("PG&E"). (ECF Nos. 106, 113.) Patrick Toole and Erin Huntington appeared on behalf of Plaintiffs. Aurelio Perez appeared on behalf of Defendant PG&E. Philip Monrad appeared telephonically on behalf of Defendant IBEW Local 1245. The Court further considered the arguments of counsel on the record at the time of the hearing. The Court ruled from the bench on the motions and incorporates those rulings herein.

1

For the reasons described on the record and in this Order, the Court GRANTS IN PART and DENIES IN PART the motions to compel and issues the following written order confirming its rulings thereon. Any supplemental responses or productions described in this Order shall be due no later than **30 days** after the date of this Order.

### Plaintiff's Motion to Compel

#### Plaintiffs' Motion to Compel -- Special Interrogatories Nos. 1—4

Plaintiffs move to compel further responses to Interrogatories Nos. 1 through 4 of their First Set of Special Interrogatories. In particular, Plaintiffs request clarifications and corrections to a spreadsheet PG&E produced to respond to these interrogatories, as well as a codebook to assist in interpreting the codes used in the spreadsheet.

For the reasons set forth on the record, Plaintiffs' Motion is DENIED. The parties are DIRECTED to meet and confer with respect to any inaccuracies in the spreadsheet and to agree to an "official" version of the spreadsheet that is to be used for any motions for class certification, summary judgment, or for trial.

#### Plaintiffs' Motion to Compel -- Special Interrogatories Nos. 14 and 15

Plaintiffs move to compel further responses to Interrogatories Nos. 14 and 15 of their Fourth Set of Special Interrogatories. At the hearing, Plaintiffs withdrew their motion to compel Special Interrogatory No. 15 and stated that they had narrowed the scope of their request to request only an identification of which documents were used in PG&E's hiring process and the specific dates for which those documents were used.

As explained on the record, Plaintiffs' Motion is GRANTED. PG&E shall supplement its response to this interrogatory to provide any available information regarding the dates that each document was used in the hiring process.

#### Plaintiffs' Motion to Compel -- Requests for Document Production Nos. 4, 5, and 9

Plaintiffs move to compel a further response to Requests for Production Nos. 4, 5, and 9, which requested information regarding job descriptions, advertisements, and communications between PG&E and third party recruiters. After discussion, Plaintiffs narrowed their request to

communications between PG&E employees Jessica Ishibashi and Vanessa Vera and third party recruiters PeopleScout and HireRight.

For the reasons set forth on the record, Plaintiffs' Motion is GRANTED IN PART. PG&E shall conduct an electronic search for communications PG&E had with PeopleScout and/or HireRight. Ishibashi and Vera shall be the document custodians for this search and the search shall include the terms: "SR I," "Service Representative I," and any equivalent job classification or identification number. The search shall include communications between June 2012 and June 2015.

The parties are DIRECTED to meet and confer regarding the necessity and costs of further searches on backup tapes.

**Plaintiffs' Motion to Compel -- Additional Depositions**

Plaintiffs request leave to conduct depositions of Yvonne Bradley and Francis Wilder-Davis of PG&E and Dave Sankey, Jennifer Grey, and Mark Rollow of IBEW Local 1245.

For the reasons set forth on the record, Plaintiffs' Motion is GRANTED IN PART. Plaintiffs may conduct depositions of Yvonne Bradley and Francis Wilder-Davis. The parties are directed to meet and confer with respect to the other witnesses. The Court does not grant leave for any individual deposition to extend over seven hours in length, but does not otherwise limit the time for these depositions.

**Plaintiffs' Motion to Compel -- Requests for Admission Nos. 133, 134, and 135**

Plaintiffs move to compel further responses from PG&E to Requests for Admission Nos. 133, 134, and 135, arguing that PG&E did not include a basis for its denials of these requests.

For the reasons set forth on the record, Plaintiffs' Motion is GRANTED. PG&E is directed to provide amended responses to these requests for admission. In particular, PG&E shall admit the requests, deny them based on a lack of knowledge, or deny them and explain some other basis for the denials.

\\\

\\\

\\\

**Defendants' Motion to Compel**

**Defendants' Motion to Compel – Special Interrogatory No. 5**

Defendants move to compel a further response to their Special Interrogatory No. 5 from Plaintiff Haley Markwith describing the amount of wage damages she alleges she suffered.

For the reasons set forth on the record, Defendants' Motion is granted. Plaintiffs shall provide a supplemental response explaining the basis for Markwith's asserted damages.

IT IS SO ORDERED.

Dated:   **December 13, 2016**          /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE