# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BECKY GREER, TIMOTHY C. BUDNIK, ROSARIO SAENZ, IAN CARTY, HALEY MARKWITH, MARIA GARCIA PESINA, and MONICA MULDROW, individually and as class representatives,<br><br>Plaintiffs,<br><br>v.<br><br>PACIFIC GAS AND ELECTRIC COMPANY, DOES 1 through 10, inclusive, and IBEW LOCAL 1245,<br><br>Defendants. | **Case No. 1:15-cv-01066-EPG**<br><br>**ORDER AFTER HEARING RE: DISCOVERY STATUS CONFERENCE** |

On January 20, 2017, the Court held a discovery status conference. Patrick Toole appeared on behalf of Plaintiffs. Aurelio Perez appeared personally and Josh Kienitz appeared telephonically on behalf of Defendant PG&E. Philip Monrad and Alex Pacheco appeared

1

telephonically on behalf of Defendant IBEW Local 1245. The Court ruled from the bench on a number of discovery disagreements and confirms those rulings herein.[1]

**Defendant PG&E's Spreadsheets**

Plaintiffs first request that the Court order PG&E to produce a complete and accurate version of a spreadsheet that PG&E created to respond to Plaintiffs' Special Interrogatories Nos. 1 – 4, which requested a variety of information on PG&E employees. The parties were previously directed "to meet and confer with respect to any inaccuracies in the spreadsheet and to agree to an 'official' version of the spreadsheet that is to be used for any motions for class certification, summary judgment, or for trial." (ECF No. 119.) Plaintiffs again ask for clarifications and corrections to the spreadsheets. It is unclear if the corrections Plaintiffs request are the same corrections that were previously requested in their motion to compel (ECF No. 106) and Plaintiffs do not identify any specific corrections they are requesting. Nonetheless, Plaintiffs ask that the Court order production of an accurate spreadsheet and sanction PG&E.

Plaintiffs' request for sanctions is denied for the reasons stated on the record.

Plaintiffs are directed to compile a list of all errors they have identified in the spreadsheets and provide that list to PG&E no later than **January 23, 2017**. PG&E shall correct and complete a final version of the spreadsheet correcting those errors no later than **February 6, 2017**.

**Ishibashi Deposition**

Defendant PG&E has named Jessica Ishibashi as a Rule 30(b)(6) witness in response to a deposition notice served by Plaintiffs. Plaintiffs conducted her deposition on December 1, 2016, but were dissatisfied with the information she provided at the deposition. In addition, and per the Court's earlier order, PG&E produced additional documents relating to Ishibashi's communications with third parties HireRight, Inc. and PeopleScout after Ishibashi's deposition. The supplemental production is approximately 60,000 pages. Plaintiffs request additional time to depose Ishibashi, as well as permission to depose Vanessa Vera, a PG&E employee who

---

[1] On January 17, 2016, the parties submitted to the Court a "Joint Statement re: Discovery Disagreement." They did not file the joint statement. The Court considers the rulings in this order to be formal rulings on motions to compel addressed in that joint statement. The parties have leave to file the joint statement on the docket in order to make their record if they choose. If the parties file such a statement, it should be clear that it is connected to, and resolved by, this order.

apparently performed functions similar to Ishibashi. Plaintiffs do not identify any functions that Vera performed that distinguish her from Ishibashi. Finally, Plaintiffs ask that the Court impose sanctions on PG&E for Ishibashi's conduct during the deposition.

Plaintiffs' request for a supplemental Ishibashi's deposition is granted. Plaintiffs may depose Ishibashi for up to four additional hours based on the production of documents that occurred after her first deposition.

Plaintiffs' request to depose Vanessa Vera is denied without prejudice because Plaintiffs have not established that she possesses relevant and unique knowledge. Plaintiffs may raise the issues to the Court again if they can demonstrate that Vera has knowledge of facts or information that distinguishes her from Ishibashi.

At the Court's request, Plaintiffs submitted the transcript of their deposition of Ishibashi in support of their request for sanctions. Courts have discretion to issue sanctions where counsel "impede[ ], delay[ ], and frustrate[ ] the fair examination" of a deposition witness. *Lee v. Pep Boys-Manny Moe & Jack of Cal.*, Case No. 12-cv-05064-JSC, 2015 WL 9268118, at *6 (N.D. Cal. Dec. 21, 2015).

Upon review, the Court will not issue sanctions at this time. The Court is troubled with certain of her answers and appreciates the extent that those answers appear to contradict information produced in subsequent documents. Nevertheless, the Court does not believe this evasion rises to the level of sanctionable conduct. Plaintiffs are, of course, free to use Ishibashi's deposition to impeach her credibility later on in the litigation or at trial, and Defendant PG&E is advised that the Court views attempts to avoid providing truthful deposition testimony with disfavor. Moreover, the Court expects Ishibashi to be prepared for her supplemental deposition based on her review of documents produced after her deposition.

**Diamond Deposition**

Plaintiffs deposed PG&E employee Chris Diamond on December 12, 2016. During the deposition, Diamond revealed that he had three pages of documents that were responsive to Plaintiffs' document requests but that had not yet been produced. He also explained that at some point before the deposition, he had reviewed deposition summaries that had been created by

3

defense counsel and had been marked as "privileged." It is not clear whether these summaries were provided to Diamond as part of deposition preparation or to refresh his recollection as to any topic. Plaintiffs ask that they receive additional time to depose Diamond and demand the production of the deposition summaries that Diamond reviewed.

The Court grants Plaintiffs' request to continue the deposition of Diamond based on the new documents produced, which included handwritten notes of relevant events. Plaintiffs may depose Diamond for one additional hour. Plaintiffs' request for production of privileged material is denied at this time.  Plaintiffs may renew their request if they receive information that Diamond's memory was refreshed by such documents.  Moreover, Plaintiffs may inquire at deposition about the general subject matter of those documents, in order to use for potential cross-examination.

**Mercer Subpoena**

Plaintiffs previously served a subpoena to produce documents on Mercer, Inc., for documents associated with industry trends in customer service compensation. Plaintiffs have engaged in several communications with Mercer, but have been unable thus far to procure Mercer's cooperation with the subpoena. PG&E has not been included in any of these communications. Plaintiffs are granted leave to file a motion to enforce the subpoena under Rule 45 of the Federal Rules of Civil Procedure. Plaintiffs are also directed to share any communications they have had with Mercer, as well as any future communications with Mercer, with Defendants PG&E and IBEW Local 1245.

IT IS SO ORDERED.

Dated:   **January 25, 2017**                              /s/ Erica P. Grosjean
                                                                        UNITED STATES MAGISTRATE JUDGE