# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BECKY GREER, TIMOTHY C. BUDNIK, ROSARIO SAENZ, IAN CARTY, HALEY MARKWITH, and MARIA GARCIA PESINA, individually and as class representatives,<br><br>Plaintiffs,<br><br>v.<br><br>PACIFIC GAS AND ELECTRIC COMPANY, DOES 1 through 10, inclusive, and IBEW LOCAL 1245,<br><br>Defendants. | Case No. 1:15-cv-01066-EPG<br><br>**ORDER DENYING MOTION TO COMPEL ADDITIONAL DEPOSITION**<br><br>(ECF No. 144) |

On April 19, 2017, Plaintiffs filed a Motion to Compel an Additional Deposition from Defendant Pacific Gas and Electric Company ("PG&E"). (ECF No. 144.) The Court ordered the Motion to be heard on an abbreviated briefing schedule and both Defendants filed opposition briefs on April 24, 2017. (ECF Nos. 145, 146.) Pursuant to the Court's instructions, the Motion was then taken under submission.

The Motion asks the Court to compel Defendant PG&E to produce a witness "with knowledge of the origin, scope and application of PG&E's hiring policy that excluded all non-PG&E experience from consideration for higher pay." Plaintiffs are interested in further exploring

1

the differences between Service Representative I ("SR I") PG&E employees who work in PG&E contact centers and SR I employees who work in PG&E local offices.[1] Defendants contend that this Motion is untimely and that the information sought is not relevant to the issues at dispute in this case. After a review of the pleadings, the Court has determined that this dispute is suitable for decision without oral argument and DENIES Plaintiffs' Motion.

On September 1, 2016, the parties filed a stipulation amending the scheduling order in this case. Under that Stipulation, which was adopted by the Court, pre-certification non-expert depositions were to be concluded by January 27, 2017. (ECF No. 92.) On February 23, 2017, Plaintiffs filed a discovery statement requesting permission to take the deposition of Nichole Jordan, a former PG&E employee whom they believed had information regarding PG&E policies for determining hiring pay rates for SR I employees. The Court granted leave to take Jordan's deposition, but limited the deposition to three hours. The Court also set March 24, 2017 "as the final date any pre-certification discovery dispute may be raised in this case." (ECF No. 134.)

Plaintiffs now assert that Jordan did not have the information they sought regarding the process for assessing hiring pay rates and that the Court "must" compel PG&E to produce a new witness who can testify to the topics at issue. Plaintiffs do not identify any particular witness. Nor is it clear that this request is tied to any specifically propounded discovery request that was served before the non-expert discovery cutoff date.

District courts have "wide latitude to determine the scope of discovery." *Gucci Am., Inc. v. Guess?, Inc.*, 790 F.Supp.2d 136, 139 (S.D.N.Y. 2011), *quoting In re Agent Orange Prod. Liability Litig.*, 517 F.3d 76, 103 (2d Cir. 2008). To exercise that authority, Rule 16 of the Federal Rules of Civil Procedure allows courts to create scheduling orders that limit the amount of time parties have to complete discovery and file motions regarding that discovery. Once a scheduling order has been set, the "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

---

[1] As the Court has previously discussed, "'Contact center' employees are those who work in centralized call centers and assist customers by phone, while local office employees are deployed at local sites and assist customers in person." (ECF No. 93.)

Plaintiffs do not establish good cause for altering the scheduling order further. Plaintiffs have been aware of the distinction between contact centers and local offices since at least August 2016, when they first raised a motion to compel regarding the overall scope of discovery. (ECF No. 84.) The Court granted limited discovery into local office SR I positions, "in order to help understand the scope of the class and to enforce discovery agreements already made among the parties." (Order After Hearing Re: Service Representative I Discovery Dispute 3:21-22, ECF No. 93.) In that same Order, the Court allowed that Plaintiffs may be able to pursue additional discovery if the complaint was amended to include local office employees.

The request in this Motion falls beyond the January 27 deadline as well as the hard March 24 deadline for hearing pre-certification discovery disputes. Defendant IBEW Local 1245 is preparing to file a motion for summary judgment. All the parties are engaging in expert discovery and should be preparing for Plaintiffs' class certification motion, which is to be filed in June 2017. To allow discovery to extend indefinitely would frustrate the "obligation of the court 'to secure the just, speedy and inexpensive determination of every action.'" *Gault v. Nabisco Biscuit Co.*, 184 F.R.D. 620, 622 (D. Nev. 1999), *quoting* Fed. R. Civ. P. 1.

The Motion to Compel an Additional Deposition from Pacific Gas and Electric Company (ECF No. 144) is DENIED.

IT IS SO ORDERED.

Dated: **April 26, 2017**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE