# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BECKY GREER, TIMOTHY C. BUDNIK, ROSARIO SAENZ, IAN CARTY, HALEY MARKWITH, and MARCIA GARCIA PESINA, individually and as class representatives,<br><br>Plaintiffs,<br><br>v.<br><br>PACIFIC GAS AND ELECTRIC COMPANY, IBEW LOCAL 1245, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 1:15-cv-01066-EPG<br><br>ORDER DENYING IBEW'S MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(B) AND TO STAY PROCEEDINGS<br><br>(ECF No. 253) |

On May 14, 2018, Defendant IBEW Local 1245 ("IBEW") filed a motion to certify order for interlocutory appeal under 28 U.S.C. § 1292(b) and to stay proceedings. (ECF No. 253.) IBEW argues that this Court should stay the case and permit an interlocutory appeal of the Court's order requiring that the notice to purported class members include the amounts that will be paid by each defendant—i.e., IBEW, who is the class members' own Union, and PG&E, who is the class members' employer that allegedly underpaid class members' wages. Neither PG&E nor Plaintiffs object to this disclosure. Moreover, IBEW concedes that it legally *must* disclose this allocation to class members. Nevertheless, IBEW argues that the Court was legally required

1

to permit IBEW to withhold that information until after class members have made their decision to settle the case and thereby release their claim against IBEW for the breach of the duty of fair representation, among other claims.

Defendant PG&E filed a response indicating it supports IBEW's motion to certify the question, although "PG&E maintains its neutral position regarding the disclosure of each Defendant's portion of the $6 million total settlement value." (ECF No. 257 at 2.) Plaintiffs filed an opposition objecting to the certification and stay, and proposing compromises to satisfy IBEW without further litigation. (ECF No. 260.)

For the following reasons, the Court DENIES IBEW's motion.

## I. LEGAL STANDARDS

Under federal law, a district court may certify for appeal an otherwise unappealable decision in certain exceptional circumstances. 28 U.S.C. § 1292(b). A party seeking an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) must demonstrate that: (1) there is a controlling question of law; (2) there are substantial grounds for difference of opinion regarding the issue; and (3) an immediate appeal may materially advance the ultimate termination of the litigation. *In re Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir. 1981). Section 1292(b) should be "used only in extraordinary cases where decision of an interlocutory appeal might avoid protracted and expensive litigation." *See U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966).

## II. APPLICATION OF STANDARDS TO IBEW'S MOTION

### a. Controlling Question of Law

Regarding whether the Court's order concerns a controlling question of law, IBEW argues that:

> [T]he Court's Order requiring Defendants to disclose in the settlement notices the specific contributions that each Defendant will make toward the settlement fund involves "a controlling question of law as to which there is substantial ground for difference of opinion" insofar as the Order purports to grant preliminary approval to the settlement while ordering the parties to modify substantive and material terms of their agreement without their consent and over Local 1245's previously stated objection to the modifications required by

> the Court, notwithstanding that the Court's authority is limited to approving or denying the settlement as a whole; and therefore, 'an immediate appeal from the order may materially advance the ultimate termination of the litigation."
> 28 U.S.C. § 1292(b).

(ECF No. 253 at 2.)

In support of its argument, IBEW cites to case law indicating that the Court cannot modify the terms of the settlement. (ECF No. 253 at 12.) *See Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1026 (9th Cir. 1998) ("Neither the district court nor this court have the ability to delete, modify or substitute certain provisions. The settlement must stand or fall in its entirety.") (internal citations and quotations omitted); *Officers for Justice v. Civil Service Com'n of City and County of San Francisco*, 688 F.2d 615, 630 (9th Cir. 1982) ("Neither the district court nor this court is empowered to rewrite the settlement agreed upon by the parties. We may not delete, modify, or substitute certain provisions of the consent decree.").

The Court agrees with this statement of law. The Court cannot modify the terms of the settlement agreement.

It is equally clear, however, that the Court may modify the proposed Notice to the class members of the settlement terms. Rule 23(e)(1) of the Federal Rules of Civil Procedure states that "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1). Indeed, IBEW's own cited cases hold that the Court has the authority to modify the notice of a class settlement. *See Churchill Village, L.L.C. v. General Electric,* 361 F.3d 566, 575 (9th Cir. 2004) ("The notice approved by the district court met this standard. . . . The district court ordered that this information be included in the notice . . . "); *Hanlon*, 150 F.3d at 1025 (". . . Rule 23(d) vests a district court with the authority and discretion to protect the interests and rights of class members and to ensure its control over the integrity of the settlement approval process. '[A] district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties.'" . . . Adequate notice is critical to court approval of a class settlement under Rule 23(e)."); *Officers for Justice*, 688 F.2d at 623–624 (9th Cir. 1982) ("A class action shall not be dismissed or compromised without the approval of the court, and notice of the

proposed dismissal or compromise shall be given to all members of the class *in such manner as the court directs*.") (emphasis added).

IBEW does not cite any cases to the contrary. Moreover, IBEW did not object to any other change to the Notice that the Court required.[1]

Thus, there is no genuine dispute of law. The Court cannot modify the terms of the settlement agreement. The Court can modify the notice of the settlement. The only dispute is whether the Court's direction to disclose certain information in the notice was an unauthorized change to the settlement agreement or an authorized change to the notice.

After review of IBEW's motion and the record, the Court finds that the order at issue permissibly modified the notice, not the terms of the settlement. To state the obvious, the Court's order only concerned the notice. The part of the order to which IBEW objects is contained in the discussion of the notice, not the approval of terms. (ECF No. 251 at 19 *et seq*.) The Court did not require any change to the settlement amount or the allocation between the defendants. It did not require that any party give more or less consideration if the settlement is approved.

It also did not alter any term in the proposed settlement agreement that was submitted to the Court. Those terms are set forth in the Joint Stipulation of Class settlement. (ECF No. 238-2 at 24 *et seq*). There is no term stating that the amount of contribution by each defendant shall be withheld from the notice. On the contrary, the settlement agreement states that Notice is subject to modification by this Court. (ECF No. 238-2 at 26 ("'Notice' means the First Notice of Proposed Class Action (attached hereto as Exhibit A) and the Second and the Final Notice of Proposed Class Action Settlement (attached hereto as Exhibit B), as approved (*or modified*) by the Court . . . .") (emphasis added).

In support of its argument that the Court's order nevertheless modified the terms of the agreement, rather than the notice, IBEW states that "*not* specifying the amount of Local 1245's contribution toward the total settlement fund was a material consideration for its willingness to participate in the settlement." (ECF No. 253 at 16.) In support, IBEW cites to its own earlier

---

[1] The additional changes to the Notice were ordered orally on the record at the March 23, 2018 hearing. (ECF Nos. 241; 247 at 34-35, 38-42.)

brief where it argued that "[n]either those settlement terms as set out by Magistrate McAuliffe—nor as set out in detail in the proposed Settlement Agreement itself—include any provision regarding the amount that IBEW will pay toward the Settlement Amount, or the amount of IBEW's payment, once determined, would be disclosed. To the contrary (without disclosing confidential settlement communications), *not* allocating in the Settlement Agreement the amount of IBEW's payment toward the settlement amount was a material consideration for its agreement to be bound by Magistrate McAuliffe's mediator's proposal." (ECF No. 248 at 4.)

As to the first claim, the fact that the settlement terms put on the record are silent about whether or not the allocation will be disclosed in the notice just confirms that it is not a term of the settlement agreement. As to the second claim, as the Court already explained in its order (ECF No. 251 at 23), the Court is not dictating the allocation of the settlement payment between defendants. It is only requiring notice of whatever allocation is decided between IBEW and PG&E *before* the settlement is finalized and class members release IBEW of claims against it. (Again, IBEW concedes it is legally required to notify class members of this amount at some time.)

In any event, this supposed "term" that IBEW not be required to disclose its allocation before settlement is finalized is not set forth in any statement of terms. Moreover, Plaintiff strongly disputes that there was any such agreement. (ECF No. 260 at 2 ("While the IBEW contends that non-disclosure of the amount it will pay is a material term to the settlement agreement, this assertion is nonsensical. Plaintiffs never agreed to such a term, and the stipulation signed by the parties makes no reference whatsoever to this supposed term.")).[2]

Thus, as to the first factor, there is no controlling question of law. The law is clear that the Court cannot modify the settlement terms, but can modify the notice. Moreover, the Court's order at issue here permissibly modified the Notice and not the settlement terms.

\\\

---

[2] If the parties had agreed to limit the notice to class members as a material part of their agreement, the Court would face a more difficult legal question. Arguably, in light of the authority stated above, such an agreement to limit notice to class members would not be binding on the Court because the notice to class members is left to the discretion of the Court. That legal issue is not present here, however, where the express terms of the agreement contain no such term and in fact state explicitly that notice is subject to modification by the Court.

**b. Substantial Grounds for Difference of Opinion Regarding the Issue**

For the reasons cited above, there are not substantial grounds for a difference of opinion regarding the legal issue. IBEW frames that issue as "the Order purports to grant preliminary approval to the settlement while ordering the parties to modify substantive and material terms of their agreement without their consent and over Local 1245's previously stated objection to the modifications required by the Court, notwithstanding that the Court's authority is limited to approving or denying the settlement as a whole." (ECF No. 253 at 2.) Again, there is not substantial grounds for difference of opinion regarding the applicable law.

Rather than cite to any law saying that a Court cannot modify a notice or require that allocation be included in that notice, IBEW's motion cites to cases where courts have declined to require that such an allocation in the notices before them. For example, a district court in the Southern District of New York held that a class settlement notice was sufficient without specifying "how much of the settlement is being paid by the underwriters as opposed to the issuers." *In re Initial Public Offering Securities Litigation,* 671 F.Supp.2d 467, 486 (S.D.N.Y. 2009). It is worth noting that the Court also stated in its order approving the settlement that "the Court has since directed plaintiffs' counsel to disclose on the IPO website the fact that the bulk of the settlement is being paid by the underwriters and 'a portion is being paid by the insurance companies for the Issuers.' The Court can now disclose that although the Underwriter defendants (and/or their insurers) and the insurers of the Issuer defendants participated in the settlement, no portion of the settlement is being paid by the Issuer defendants themselves." *Id.* Thus, even in this case, the Court decided to require some disclosure regarding allocation. In any event, nothing in that case holds that it would be legal error for a Court to require such a disclosure. Rather, the issue of whether allocation is disclosed is within the Court's discretion.

IBEW also cites to an unpublished district court case from the Northern District of Illinois that declined to require disclosure of allocation among defendants, *Cook v. McCarron,* No. 92 C 7042, 1997 WL 47448 (N.D. Ill. Jan. 30, 1997), *aff'd sub nom. Cook v. Niedert*, 142 F.3d 1004 (7th Cir. 1998). Again, the fact that the Court declined to order allocation in its discretion in that case does not mean that this Court committed legal error in coming to a different conclusion here.

It is also worth noting that there was a reason for withholding disclosure in that case, specifically that "their individual contributions are directly related to contribution claims which might take place in the future." *Id.* at *16. IBEW has not set forth any such reason here. IBEW has certainly not said that class members may challenge the allocation in subsequent litigation. Another critical distinction is that none of the defendants in the *Cook* case were related to the Plaintiffs, where here IBEW is Plaintiffs' own union and its contribution comes from dues from those Plaintiffs, albeit from reserves saved from past dues. (ECF No. 247 at 14:15-18, "The union has no funds other than what come from union dues."). Plaintiffs thus have a heightened interest in how much their Union versus their employer is paying than the unrelated defendants in the *Cook* case.

While these cases may show a difference of opinion regarding whether and when allocation of defendants should be required in a notice to class members, they do not show substantial ground for difference of opinion regarding the legal issue here, which is whether the Court exceeded its legal authority when it required changes in the notice to class members of that agreement.

### c. Material Advancement of the Ultimate Termination of the Litigation

Regarding the final factor of whether resolution of the legal issue would materially advance the ultimate termination of the litigation, IBEW states that "[c]larification regarding the Court's authority to order modifications while also purporting to approve the entire settlement will therefore likely affect whether the pending settlement is enforceable, or whether the parties must determine among themselves where there is some other settlement they could reach that is acceptable to all parties that can be approved." (ECF No. 253 at 16.) This appears to be a thinly veiled threat that IBEW will attempt to withdraw from the settlement agreement if required to disclose its allocation before settlement is approved.

The Court does not see any legitimate basis for IBEW to withdraw from the settlement agreement. Clearly, staying the case for the significant time it would take to obtain an order from the Ninth Circuit on this issue would not advance the ultimate termination of this litigation.

1 | After consideration of the relevant factors, IBEW's motion to certify the Court's order for interlocutory appeal is DENIED.

### III. IMPLIED REQUEST TO RECONSIDER OR MODIFY THE COURT'S ORDER

Notably, IBEW did not file a motion for reconsideration of the Court's order, such as under Federal Rule of Procedure 60. With the exception of the legal issue discussed above, IBEW does not argue that the Court erred as a matter of fact or law. IBEW does not refute, or indeed discuss, any of the reasons that the Court required this disclosure, which the Court explained in pages 19-25 of its order. (ECF No. 251.) IBEW again concedes that the information must be disclosed at some point in time and is not confidential or privileged. Nevertheless, IBEW suggests that the Court should modify its order by making contradictory claims that class members will not care about the information, and also that they will file frivolous objections if the information is disclosed.

The Court will not explain again the basis for its order. Nevertheless, given IBEW's strenuous objection, the Court wishes to reiterate one part of that order: "IBEW's vehemence in waiting to disclose the information until after class members decide their position on the settlement suggests that IBEW believes the information is in fact material to their choice." (ECF No. 251 at 22.) Nothing in IBEW's motion allays that concern. On the contrary, IBEW's threat to withdraw from the settlement agreement altogether rather than disclose this information to class members before they agree to the settlement only exacerbates the Court's concern.

With that in mind, the Court declines the various offers by the parties to modify the Court's order for the sake of placating IBEW and facilitating the settlement. For example, Plaintiffs propose various compromises such as including the disclosure only in the second notice while continuing to negotiate with IBEW about disclosure, including an explanation in the notice that IBEW is postponing disclosure of its contribution to settlement and directing all recipients where to find the number when it is ultimately disclosed, or just agreeing to IBEW's proposal in full in order to close the deal. The Court understands Plaintiff's concern that "IBEW's sudden and novel objection to the addition of seemingly innocuous language poses a significant threat of

delay and increased litigation," (ECF No. 260 at 5), and appreciates Plaintiffs' willingness to concede the point entirely rather than delay the settlement.

But fair notice to absent class members is not a point of negotiation. The Court carefully considered the issue after input from all parties and determined that the ordered changes to the notice were necessary for the reasons set forth in its order. IBEW's threat to appeal the decision or withdraw from the settlement does not change the Court's reasoning. The Court cannot in good conscience allow IBEW to withhold this information when the only reason the Court can see for IBEW to object so strenuously to disclosure is that IBEW thinks information may be material to some class members and IBEW fears what they will do if they learn the information before they have settled their claims.[3]

**IV.     CONCLUSION**

For the foregoing reasons,

- IBEW's Motion to Certify Order for Interlocutory Appeal under 27 U.S.C. § 1292(b) (ECF No. 253) is DENIED.
- The Court's temporary stay, issued May 14, 2018 (ECF No. 255) is LIFTED. Any deadlines set forth in the Court's order of May 3, 2018 (ECF No. 251) shall run from today's date.[4]

IT IS SO ORDERED.

Dated:   **May 24, 2018**                         /s/ Eric P. Grosjean
                                                                     UNITED STATES MAGISTRATE JUDGE

---

[3] The Court also need not address PG&E's argument regarding the interpretation of the May 2015 indemnification provision. The Court trusts that the revised notice will accurately describe that agreement in a factual manner. If there is any doubt as to that disclosure, the parties may simply include a quotation from the relevant provision in section 3 of the agreement.

[4] If the parties need to reschedule the hearing for final approval based on this delay, it shall contact the Court to select a new date.