**Wanger Jones Helsley PC**
265 East River Park Circle, Suite 310
Fresno, California 93720
Telephone:     (559) 233-4800
Facsimile:     (559) 233-9330
Patrick D. Toole #19011
Erin T. Huntington #306037
Lawrence J.H. Liu #312115

**Fitzpatrick, Spini & Swanston**
555 S. Main Street
Salinas, California 93901
Telephone: (831) 755-1311
Facsimile: (831) 755-1319

Charles Swanston #181882

Attorneys for:    Plaintiffs and Proposed Class Representatives BECKY GREER, TIMOTHY C. BUDNIK,
          HALEY MARKWITH, ROSARIO SAENZ, IAN CARTY and MARIA GARCIA PESINA

**Littler Mendelson, P.C.**
333 Bush Street, 34th Floor
San Francisco, California 94104
Telephone:    (415) 433-1940
Facsimile:    (415) 39-8490
Joshua D. Kienitz #244903
Aurelio J. Perez #282135
William A. Cosmopulos #312908

Attorneys for:    Defendant Pacific Gas and Electric Company

**Leonard Carder, LLP**
1130 Broadway, Suite 1450
Oakland, California 94612
Telephone:    (510) 272-0169
Facsimile:    (510) 272-0174
Philip C. Monrad #151073
Paul H. Schwartz #215214

**IBEW Local Union 1245**
30 Orange Tree Circle
Vacaville, CA 95687
Telephone:    (707) 452-2751
Alex Pacheco #151073

Attorneys for:    Defendant IBEW Local 1245

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BECKY GREER; TIMOTHY C. BUDNIK; ROSARIO SAENZ; IAN CARTY, HALEY MARKWITH, MARIA GARCIA PESINA, Individually and as "Class Representatives," <br><br> Plaintiffs, <br> v. <br><br> PACIFIC GAS AND ELECTRIC COMPANY, IBEW LOCAL 1245, and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No.  1:15-cv-01066-EPG <br><br> **CLASS ACTION** <br><br> **STIPULATION CLARIFYING THE JOINT STIPULATION OF CLASS SETTLEMENT AND [PROPOSED] ORDER** <br><br> **Honorable Erica P. Grosjean** |

Through this Stipulation Clarifying The Joint Stipulation of Class Settlement, Plaintiffs Becky Greer, Timothy C. Budnik, Haley Markwith, Rosario Saenz, Ian Carty and Maria Garcia Pesina ("Plaintiffs"), individually and on behalf of all others similarly situated, and Defendants Pacific Gas and Electric Company and IBEW Local 1245 ("Defendants") (collectively, the "Parties"), have identified an ambiguity in the Joint Stipulation of Class Settlement (Dkt. 238-2, Ex. 1)(the "Settlement Agreement") that they wish to resolve. The ambiguity relates to the manner in which potential settlement amounts are calculated for individuals who participate in the settlement of this action. As described further below, the parties do not dispute the appropriate calculation method and submit this stipulation to resolve ambiguity in the Settlement Agreement by proposing revised language in notices that the Settlement Class Members will receive. *See id.* At 27:12-20.

First,, the Settlement Agreement defines the term "Class Period" as "the period beginning January 1, 2011, and ending June 30, 2015." See *id.* at 25:18-19. This period mirrors the dates during which an individual must have been <u>hired</u> into an SR I Call Center or Contact Center position in order to qualify for class membership. *See id.* at 27:12-20. For example, if an individual otherwise meets class membership criteria *but* was hired on July 1, 2015, she or he would not be a part of the Settlement Class.

Second, the Settlement Agreement notes that settlement payments shall be based, in part, "on each Qualifying Group Subclass Member's number of *SR I Pay Periods* not to exceed 54 months of pay periods." *See id.* at 30:8-10 (emphasis supplied).

Third, the Settlement Agreement defines the term "SR I Pay Periods" in pertinent part as "all time employed as an SRI *during the Class Period*." See *id.* at 27:20-22 (emphasis supplied). Taken together, this language suggests that no Settlement Class Member should be able to recover for any weeks worked after the close of the Class Period. For example, if a Settlement Class Member individual was hired in mid-June, 2015 (i.e., shortly before the close of the Class Period for purposes of membership), she or he would only be able to recover for

the small number of weeks worked in the SR I position through the end of June 2015. This is not what the Parties intended.

The First Notice of Proposed Class Action Settlement (the "First Notice") that was sent to class members reflects this ambiguity. In pertinent part, the Notice reads: "Qualifying Group Subclass [members] will each receive a single payment in an amount that will be calculated based on the number of workweeks the subclass member worked during the Class Period… individual payments will vary because some subclass members worked more workweeks than average during the Class Period and some worked fewer."

In order to clarify and, as needed, correct any ambiguity, the Parties stipulate and agree to the following: Subject to all other criteria in the Settlement Agreement, Class Member settlement payments shall be based the number of number of pay periods the Settlement Class Member worked as an SR I not to exceed 54 months of pay periods, irrespective of whether the Settlement Class Member worked these pay periods before or after the Class Period end date of June 30, 2015.

The effect of this clarification is consistent with the Parties' intent to distribute settlement proceeds on a *pro-rata* basis for time worked in the SR I classification up to the 54-month maximum. Thus, those that worked longer periods of time in the SR I classification recover a proportionally larger amount than those who worked less.

With this understanding, the Parties have agreed to, and submit to the Court for its approval, two proposed revised communications to the Class Members. See *id.* at 27:12-20.

First, pursuant to paragraph 34 of the Settlement Agreement (Dkt. 238-2, Ex. 1 at p. 14), a reminder postcard will be sent to all Settlement Class Members who have not responded by submitting their responses to the questionnaire. The Parties have agreed to the following addition to the language in the reminder postcard, highlighted below:

> "You are receiving this postcard as a reminder to participate in the Greer, et al. v. Pacific Gas and Electric, et al. settlement. You should have already received a written Notice describing the lawsuit and a written questionnaire that needs to be filled out and returned NO LATER THAN JULY 18, 2018. Please

also note that although the written Notice states that Qualifying Group subclass members will receive a payment based upon their respective number of workweeks, it is the number of pay periods worked in the SR I classification, up to a maximum of 54 months, irrespective of whether these pay period occurred before or after the Class Period end date of June 30, 2015. If you did not receive a packet that included the written notice and questionnaire, if you need a replacement, or if you have questions, please contact 1-888-369-3794 at Simpluris, Inc., immediately."

Second, since the reminder postcard will not be sent to the entire class, the Parties have agreed to add the same highlighted language to the Second and Final Notice of Class Action Settlement (the "Second Notice"). Additionally, the Parties also agree to add Defendants' specific contributions to the Total Settlement Amount to the Second Notice. This additional language is identical to the language included in the First Notice. The revised Second Notice is attached as Exhibit "A" for the Court's review and approval.

DATED: June 28, 2018                 WANGER JONES HELSLEY

By: /s/ Patrick D. Toole
    Patrick D. Toole
    Erin T. Huntington
    Lawrence J.H. Liu
    Attorneys for Plaintiffs

DATED: June 28, 2018                 LITTLER MENDELSON, P.C.

By: /s/Aurelio J. Pérez
    Joshua D. Kienitz
    Aurelio J. Perez
    Attorneys for Defendant Pacific Gas and
    Electric Company

DATED: June 28, 2018                 LEONARD CARDER, LLP

By: /s/ Philip C. Monrad, /s/ Alex Pacheco
    Philip C. Monrad
    Paul H. Schwartz
    Alex Pacheco
    Attorneys for Defendant IBEW Local 1245

**STIP. CLARIFYING JOINT STIP. OF CLASS SETTLEMENT AND [PROPOSED] ORDER**

## ORDER

Based on the above stipulation and good cause appearing therein, the Court approves the proposed modifications to the Reminder Postcard and the Second and Final Notice of Class Action Settlement, and hereby enters the above stipulation by the Parties as an order of the Court.

**IT IS SO ORDERED**.

Dated: _____     _____

Magistrate Judge of the United Stated District Court

Firmwide:155572053.1 048517.1064

# EXHIBIT A

**Becky Greer, et al. v. Pacific Gas and Electric Company, et al.**
Case No. 1:15-CV-01066-EPG

**SECOND AND FINAL NOTICE**
**OF PROPOSED CLASS ACTION SETTLEMENT**

| | |
|---|---|
| **Attention: JOHN DOE**<br>**INSERT ADDRESS** | **Your estimated payment from this settlement is $_____. This amount was based on your:**<br>**_____ California Labor Code 226 claim against PG&E based upon inaccurate wage statement allegations;**<br>**_____ Your prior "directly related clerical job experience," and, if applicable, number of weeks in the Service Representative I classification** |

**TO: ALL CURRENT AND FORMER SERVICE REPRESENTATIVE I EMPLOYEES HIRED INTO A PACIFIC GAS AND ELECTRIC CALL CENTER IN CALIFORNIA BETWEEN JANUARY 1, 2011 AND JUNE 30, 2015**

PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS MAY BE AFFECTED. YOU MAY BE ENTITLED TO RECEIVE MONEY FROM THIS PROPOSED SETTLEMENT.

This Notice is Court Approved. This is not a solicitation from an attorney.

## 1. WHY DID I GET THIS NOTICE?

On or about June 18, 2018 you were sent a First Notice of Settlement in this case. That Notice informed you of a class action settlement enclosed a Questionnaire and asked to you complete and return the Questionnaire. You received this Notice because the review of the Questionnaires has been completed and important information about the results affect your rights under the proposed settlement (the "Settlement") that has been reached in the class action lawsuit entitled *Greer, et al. v. Pacific Gas and Electric Company, et al.*, United States District Court, Eastern District of California, Fresno Division, Case No. 1:15-CV-01066-EPG (the "Lawsuit"). This Notice explains the nature of the Lawsuit, the general terms of the proposed Settlement, your legal rights, and specific steps you must take to protect your rights.

**2.      WHAT IS THIS LAWSUIT ABOUT?**

Plaintiffs Becky Greer, Timothy Budnik, Ian Carty, Haley Markwith, Maria Garcia Pesina, and Rosario Saenz ("Plaintiffs") filed the Lawsuit alleging that Pacific Gas and Electric Company ("PG&E") failed to pay them wages in accordance with the Collective Bargaining Agreement ("CBA"). Under the terms of the CBA, Service Representative I ("SR I") employees who at the time of hire had at least 18 months of "directly related clerical job experience" were entitled to be paid at a wage rate higher than the entry level rate.

Plaintiffs brought this lawsuit as a class action on behalf of all current and former SR Is that were hired into a PG&E California call center between January 1, 2011 and June 30, 2015. Plaintiffs contend that PG&E both adopted new policies inconsistent with the requirements of the CBA and/ misinterpreted the phrase "directly related clerical job experience" in order to place most SR Is at the entry level wage rate, even if their prior work experience entitled them to be paid at a higher rate. Plaintiffs also allege that, as a result, PG&E failed to pay workers all wages owed and provided them with wage statements that stated an inaccurate amount for wages earned.

PG&E denies these allegations and is prepared to defend the action to the fullest extent of the law.  The Court has not yet made any findings of liability as to PG&E or IBEW Local 1245.

**3.      WHAT IS A CLASS ACTION?**

In a class action lawsuit, one or more persons sue on behalf of a group of people who have similar claims. Here, Becky Greer, Timothy Budnik, Ian Carty, Haley Markwith, Maria Garcia Pesina, and Rosario Saenz are the Class Representatives in the Lawsuit, and, as such, are asserting the above claims on behalf of themselves and the class. PG&E and IBEW Local 1245 are the Defendants. A class action allows the Court to resolve the claims of all the class members at the same time in a single proceeding. A class member is bound by the determination or judgment entered in the case, whether the class wins or loses, and may not thereafter file his or her own lawsuit on the same claims that were decided in the class action. A class action allows one court to resolve all of the issues in a lawsuit for all the class members who choose not to exclude themselves from the class.

**4.      WHO IS INCLUDED IN THE SETTLEMENT CLASS?**

Anyone who was hired into the SR I classification between January 1, 2011 and June 30, 2015 and placed upon hire in a California Call Center. All such individuals are included in the class even if they are not currently employed at PG&E or no longer employed in the SR I classification.

**5.      WHAT ARE THE TERMS OF THE CLASS SETTLEMENT?**

The Settlement will resolve the Settlement Class Members' claims for: (1) Breach of Contract against PG&E; (2) Violation of California Labor Code section 216 by PG&E; (3) Violation of California Labor Code sections 226(a), 1174 and 1175 by PG&E; (4) Promissory Fraud by PG&E; (5) Promissory Estoppel by PG&E; (6) Violation of California Business and Professions Code section 17200 *et seq.* by PG&E; and (7) Breach of the Duty of Fair Representation by IBEW Local 1245.

The Settlement represents a compromise of sharply disputed claims. Nothing in the Settlement may be used as an admission by either PG&E or IBEW Local 1245 that the claims in the Lawsuit have merit or that they have any liability to Plaintiffs or the Class Members on those claims.

The Parties have agreed to settle the case, and PG&E and IBEW have agreed to a total of $6,000,000.00 (Six Million Dollars) ("Total Settlement Amount"). PG&E will pay $5,500,000 of the Total Settlement Amount. IBEW will pay $500,000 of the Total Settlement Amount. IBEW has adequate resources to pay its contribution toward the Settlement Amount without raising members' dues or fees. IBEW and PG&E previously entered into an indemnification agreement, but PG&E will not enforce that agreement against IBEW in relation to this case (to the extent the agreement is applicable).

Under the terms of the Settlement, the following payments have been agreed: (1) attorneys' fees not to exceed 33.33% of the Total Settlement Amount; (2) all litigation expenses incurred by Class Counsel, in an amount to be approved by the Court, not to exceed $275,000; (3) a separate service payment to each of the Class Representatives for their services in filing and participating in the Lawsuit, in a total amount not to exceed $35,000; and (4) $29,000 for administration settlement costs. The amount of money remaining after these payments is the amount that will be distributed to the individuals who are participating Settlement Class Members. This amount is known as the "Net Settlement Fund."

The allocation of the Net Settlement Fund, and the estimated payment for each Settlement Class Member, will be determined by their placement into one of three groups: (1) 137 Settlement Class Members who received retroactive wage adjustments in December 2014 or May 2015 (the "Labor Code Subclass"); (2) approximately 175 Settlement Class Members with 18 months of prior directly related clerical job experience (the "Qualifying Group"); and (3) approximately 613 Settlement Class Members who have not demonstrated 18 months of prior directly related clerical job experience (the "Non-Qualifying Group") in their response. Placement of Class Members in the Qualifying Group Subclass or in the Non-Qualifying Group Subclass was determined solely by Plaintiffs' counsel, though the settlement must be approved by the court as being fair to the Settlement Class Members. Please also note that although the First Notice states that Qualifying Group subclass members will receive a payment based upon their respective number of workweeks, it is the number of pay periods worked in the SR I classification, up to a maximum of 54 months, irrespective of whether these pay period occurred before or after the Class Period end date of June 30, 2015.

Members of the Labor Code Subclass will each receive a one-time payment of $250. Members of the Non-Qualifying Group Subclass will each receive a one-time payment of $250. The remaining balance of the Net Settlement Fund is divided amount members of the Qualifying Group Subclass. No Settlement Class member will receive an elevated wage rate going forward, nor will any Settlement Class member receive any seniority benefits as a result of the Settlement.

## 6.    HOW DOES THE SETTLEMENT AFFECT MY RIGHTS?

If the final approval of the settlement is granted, the Court will enter a Final Order and Judgment. **If you fail to timely request to be excluded from the Settlement, you will be bound by that order and judgment and you will release the following claims to the extent they are alleged in the Third Amended Complaint, with the release applying to such claim that arose during the Class Period, and you will be barred from prosecuting any and all such claims against PG&E):** 1) Breach of Contract; (2) Violation of California Labor Code section 216; (3) Violation of California Labor Code sections 226(a), 1174 and 1175; (4) Promissory Fraud; (5) Promissory Estoppel; (6) Violation of California Business and Professions Code section 17200 *et seq.* **You will also release the following claims against IBEW Local 1245, to the extent such claims are pleaded in the Third Amended Complaint, applying to the claims that arose during the Class Period, and will be barred from prosecuting any and all such claims against IBEW Local 1245:** (1) Breach of the Duty of Fair Representation. Collectively, these are the "Released Claims."

The Judgment will resolve the claims to the extent provided in the Settlement Agreement and will permanently bar all Class Members who do not request to be excluded from prosecuting such claims against PG&E and/or IBEW Local 1245. You will remain bound by the Settlement, and you cannot sue, continue to sue or be part of any other lawsuit about the Released Claims. All of the Court's orders will apply to you and legally bind you. However, you may exclude yourself from this Settlement.

Further details concerning the matters explained in the paragraphs above can be found in the Stipulation of Settlement and Release, which can be viewed at the United States District Court for the Eastern District of California, 2500 Tulare Street, Fresno, CA 93721, during normal business hours, and by contacting Plaintiffs' counsel at the address listed below.

## 7.    WHAT DO I NEED TO DO TO RECEIVE A SETTLEMENT PAYMENT?

You do not need to do anything to participate in the settlement. There was a hearing on March 23, 2018, in the United States District Court for the Eastern District of California, after which Judge Erica P. Grosjean preliminarily approved the Settlement of this Lawsuit. After that hearing, all Settlement Class Members received a Notice and a Questionnaire. Settlement Class Members were instructed to fill out the Questionnaire and return them within 30 days. All

Questionnaires have been received and all available information has been reviewed to place Settlement Class Members in the appropriate Subclasses.

You have been determined, in the opinion of Plaintiffs' counsel, to properly belong to the ____ Subclass. The estimated amount of the settlement payment you shall receive is _____.

You will receive your settlement payment from this Settlement approximately forty (40) days after the Court's Order on the Final Approval, if the Settlement is approved and no appeals are filed. Class Counsel, appointed and approved by the Court for settlement purposes only, will represent you.

**It is your responsibility to keep a current address on file with the Claims Administrator to ensure receipt of your settlement payment. If you fail to keep your address current, you may not receive your settlement payment.**

## 8. WHAT IF I DON'T WANT TO PARTICIPATE IN THE SETTLEMENT?

You have the right to request exclusion from the Settlement. To do so, you must submit a written request for exclusion which must state that you wish to be excluded, and (1) must contain the name (and former names, if any), current address, and telephone number of the Putative Class Member requesting exclusion; (2) must be signed by the Putative Class Member; (3) must be postmarked on or before September 26, 2018 and returned to the Claims Administrator at the following address:

Greer v. PG&E
c/o Simpluris, Inc.
P.O. Box 26170
Santa Ana, CA 92799
Telephone: (888) 369-3794

If you timely request to be excluded from the settlement, you will not receive any payment under the Settlement and will not be bound by anything that happens in this Lawsuit. Unless you timely request to be excluded from the Settlement, you will be bound by the judgment upon final approval of the Settlement, including the Release described in this Notice. Class Counsel will not represent your interests if you request to be excluded.

## 9. WHAT IF I WANT TO OBJECT TO THIS SETTLEMENT?

Provided that you do not request to be excluded from the Settlement, you can object to any of the terms of the Settlement before the Final Approval Hearing. Failure to take the steps below will be deemed a waiver of your objections. If the Court rejects your objection, you will still be bound by the terms of the Settlement, but you will also receive a monetary award. To object, you <u>must file</u> your written objection and a notice of intention to appear at the Final

Approval Hearing with the Clerk of the Court <u>and mail</u> it to the Claims Administrator and Counsel at the addresses listed below by September 26, 2018, no later than thirty (30) calendar days before the Final Approval Hearing.

| | | |
|---|---|---|
| <u>COURT:</u><br>Clerk of the Court<br>United States District Court,<br>Eastern District of California<br>Fresno Division<br>2500 Tulare Street<br>Fresno, CA 93721<br><br><u>PG&E'S COUNSEL:</u><br>**LITTLER MENDELSON, P.C.**<br>Joshua D. Kienitz, Esq.<br>Aurelio J. Perez, Esq.<br>333 Bush St., 34th Floor<br>San Francisco, California 94104<br>Telephone: (415) 433-1940<br>Facsimile: (415) 399-8490 | <u>PLAINTIFFS' COUNSEL:</u><br>Patrick D. Toole, Esq.<br>Erin T. Huntington, Esq.<br>Lawrence J.H. Liu, Esq.<br>**WANGER JONES HELSLEY PC**<br>265 E. River Park Cir., Suite 310<br>Fresno, CA 93720<br>Telephone: (559) 233-4800<br>Facsimile: (559) 233-9330<br><br>Charles Swanston, Esq.<br>**FITZPATRICK, SPINI & SWANSTON**<br>555 S. Main Street<br>Salinas, California 93901<br>Telephone: (831) 755-1311<br>Facsimile: (831) 755-1319 | <u>IBEW LOCAL 1245's COUNSEL:</u><br>Philip Monrad, Esq.<br>Paul Schwartz, Esq.<br>**LEONARD CARDER, LLP**<br>1330 Broadway, Suite 1450<br>Oakland, CA 94612<br>Telephone: (510) 272-0169<br>Facsimile: (510) 272-0174<br><br>Alex Pacheco, Esq.<br>**IBEW LOCAL UNION 1245**<br>30 Orange Tree Circle<br>Vacaville, CA 95687<br>Telephone: (707) 452-2751<br>Facsimile: (707) 452-2701 |

Any written objections shall state each specific reason for your objection and any legal support for each objection. Your objection and the envelope containing the objection must state: "Attention: *Greer, et al. v. Pacific Gas and Electric Company, et al.*, United States District Court, Eastern District of California, Case No. 1:15-CV-01066-EPG." Your objection shall also state your full name, address, date of birth, last four digits of your Social Security number, and the dates of your employment as an SR I at a PG&E Call Center. You will then have the right to address the Court at the Final Approval Hearing scheduled for October 26, 2018. You may appear personally or by telephone at the Final Approval Hearing, or through your own counsel, paid for at your own expense. Failure to file a written objection will not prevent you from objecting at the hearing, however, the Court may choose not to address the objection if a written objection is not timely filed as required.

**IF YOU DO NOT TIMELY MAKE YOUR OBJECTION, YOU WILL BE DEEMED TO HAVE WAIVED ALL OBJECTIONS AND MAY NOT BE ENTITLED TO SPEAK AT THE FINAL APPROVAL HEARING.**

**10.    WHAT IF I DO NOT EXCLUDE MYSELF FROM THIS SETTLEMENT?**

The Settlement, if finally approved by the Court, will bind all Settlement Class Members who do not request to be excluded from the Settlement. Final approval of the Settlement will bar any Settlement Class Member who does not request to be excluded from the Settlement from hereafter initiating a lawsuit or proceeding regarding the Released Claims.

## 11.    WHAT IS THE FINAL APPROVAL HEARING?

The Court has preliminarily approved the Settlement and will hold a hearing to decide whether to give final approval to the Settlement. The purpose of the Final Approval Hearing will be for the Court to determine whether the Settlement should be approved as fair, reasonable, adequate, and in the best interests of the Class; to consider the award of attorneys' fees and expenses to Class Counsel; and to consider the request for service awards to the Named Plaintiffs.

## 12.    WHERE AND WHEN IS THE FINAL APPROVAL HEARING?

The Court will hold the Final Approval Hearing on October 26, 2018 at 1:30 p.m., in Department 10, 6th Floor of the United States District Court, Eastern District of California, Fresno Division, 2500 Tulare Street, Fresno, CA 93721 ("Final Approval Hearing").

The Final Approval Hearing may be continued without further notice to the Class Members. It is not necessary for you to appear at the Final Approval Hearing unless you have timely filed an objection with the Court. However, you have the right to attend the Final Approval Hearing and be represented by your own counsel at your own expense. If you plan to attend the Final Approval Hearing, you may contact Class Counsel to confirm the date and time. If the Settlement is not approved by the Court or does not become final for some reason, the Lawsuit may continue.

## 13.    MAY I SPEAK AT THE FINAL APPROVAL HEARING?

At the hearing, the Court will be available to hear any objections and arguments concerning the Settlement. You may attend and you may speak at the Final Approval Hearing if you wish. However, if you wish to object to the Settlement but have not timely filed a written objection, your objections may be waived.

If you have requested exclusion from the Settlement, however, you may not speak at the Final Approval Hearing.

## 14.    HOW DO I GET MORE INFORMATION?

To see a copy of the Stipulation of Settlement and Release (which defines the capitalized terms used in this Notice and provides a brief summary of what has happened in the Lawsuit), the Court's Preliminary Approval Order, the operative Complaint filed in the Lawsuit, and other filed documents related to the Lawsuit and this Settlement, you may view all such files at the Clerk's office at the United States District Court for the Eastern District of California, 2500 Tulare Street, Fresno, CA 93721, during normal business hours.

IF YOU NEED MORE INFORMATION OR HAVE ANY QUESTIONS, you may contact the Claims Administrator at the address and telephone number listed below, toll free. Please refer to the PG&E Class Action Settlement.

Greer v. PG&E
c/o Simpluris, Inc.
P.O. Box 26170
Santa Ana, CA 92799
Telephone: (888) 369-3794

You may also contact the attorneys for the Class, whose names and contact information is listed above.

## 15. WHAT IF MY INFORMATION CHANGES?

If, after you receive this Notice, you change your postal address or telephone number, it is your responsibility to inform the Claims Administrator of your updated information.

**DO NOT ADDRESS ANY QUESTIONS ABOUT THE SETTLEMENT OR THE LITIGATION TO THE CLERK OF THE COURT OR THE JUDGE**

Firmwide:155577229.1 048517.1064