**WANGER JONES HELSLEY PC**
265 East River Park Circle, Suite 310
Fresno, California 93720
Telephone: (559) 233-4800
Facsimile: (559) 233-9330

Patrick D. Toole #190118
Erin T. Huntington #306037

**FITZPATRICK, SPINI & SWANSTON**
555 S. Main Street
Salinas, California 93901
Telephone: (831) 755-1311
Facsimile: (831) 755-1319

Charles Swanston #181882

Attorneys for: Plaintiffs and Proposed Class Representatives BECKY GREER, TIMOTHY C. BUDNIK, ROSARIO SAENZ, HALEY MARKWITH, IAN CARTY and MARIA GARCIA PESINA

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BECKY GREER; TIMOTHY C. BUDNIK; ROSARIO SAENZ; HALEY MARKWITH IAN CARTY, and MARIA GARCIA PESINA, individually and as "Class Representatives,"<br><br>Plaintiffs,<br><br>v.<br><br>PACIFIC GAS AND ELECTRIC COMPANY; IBEW LOCAL 1245, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 1:15-CV-01066-EPG<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date: October 26, 2018<br>Time: 1:30 p.m.<br>Courtroom: 10<br>Judge: The Honorable Erica P. Grosjean |

Plaintiffs and Proposed Class Representatives Becky Greer, Timothy C. Budnik, Rosario Saenz, Haley Markwith, Ian Carty and Maria Garcia Pesina ("Plaintiffs") Motion for Attorneys' Fees, Costs, and Enhancement Awards was timely submitted to the Court, the Honorable Erica P. Grosjean, as were Defendants' Pacific Gas and Electric Company and IBEW Local 1245 ("Defendants") Statements. Having considered the parties' briefs, and all other competent and admissible evidence, and having received no objections to the settlement, and determining that the settlement is fair, adequate, and reasonable, and otherwise being fully informed and good cause appearing therefore it is hereby **ORDERED:**

1. For the reasons set forth in the Preliminary Approval Order and in the transcript of the proceedings of the Preliminary Approval hearing, which are adopted and incorporated herein by reference, this Court finds that the requirements of Fed. R. Civ. Proc. 23 have been satisfied.

2. This Order hereby adopts and incorporates by reference the terms and conditions of the Joint Stipulation of Class Action Settlement ("Settlement Agreement"), including amendments ordered by this Court and made by the Parties, together with the definitions and terms used and contained therein.

3. The Court finds that it has jurisdiction over the subject matter of the action and over all parties to the action, including all members of the Settlement Class.

4. The Class Notice fully and accurately informed Class Members of all material elements of the proposed settlement and of their opportunity to object, opt out, or comment thereon; was the best notice practicable under the circumstances; was valid, due, and sufficient notice to all Class Members; and complied fully with the laws of the State of California, the United States Constitution, and due process.

5. The Class Notice fairly and adequately described the settlement and provided Class Members adequate instructions and a variety of means to obtain additional information.

6. Class Members were given a full opportunity to participate in the Final Approval hearing, and all Class Members and other persons wishing to be heard have been heard. Accordingly,

///

the Court determines that all Class Members who did not timely and properly opt out are bound by this Order.

7. The Court has considered all relevant factors for determining the fairness of the settlement and has concluded that all such factors weigh in favor of granting final approval. In particular, the Court finds that the settlement was reached following meaningful discovery and investigation conducted by Plaintiffs' counsel; that the settlement is the result of serious, informed, adversarial, and arm's-length negotiations between the parties; and that the terms of the settlement are in all respects fair, adequate, and reasonable.

8. In so finding, the Court has considered all evidence presented, including evidence regarding the strength of Plaintiff's case, the risk, expense, and complexity of the claims presented; the likely duration of further litigation; the amount offered in settlement; the extent of investigation and discovery completed; and the experience and views of Plaintiff's counsel. The Court has also considered the absence of objection to the settlement.

9. Accordingly, the Court hereby approves the settlement as set forth in the Settlement Agreement and expressly finds that the settlement is, in all respects, fair, reasonable, adequate, and in the best interests of the entire Settlement Class and hereby directs implementation of all remaining terms, conditions, and provisions of the Settlement Agreement. The Court also finds that settlement now will avoid additional and potentially substantial litigation costs, as well as delay and risks if the parties were to continue to litigate the case. Additionally, after considering the monetary recovery provided as part of the settlement in light of the challenges posed by continued litigation, the Court concludes that the settlement confers significant relief on Class Members.

10. The Settlement Agreement is not an admission by Defendants or by any other released party, nor is this Order a finding of the validity of any allegations or of any wrongdoing by Defendants or any other released party. Neither this Order, the Settlement Agreement, nor any document referred to herein, nor any action taken to carry out the Settlement Agreement, may be construed as, or may be used as, an admission of any fault, wrongdoing, omission, concession, or liability whatsoever by or against Defendants or any of the other released parties.

///

{7608/002/00925849.DOCX}　　　　2
[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO CERTIFY CLASS ACTION

11. Final approval is approved with respect to the following class: All current and former Service Representative I ("SR I") classification employees who were hired by Defendant Pacific Gas and Electric Company into a Call Center (or Contact Center) SR I position in California at any time between January 1, 2011 and June 30, 2015 (the "Class Period"), and whose initial wage rate was the starting wage rate specified in the collective bargaining agreement. The class does not include any SR Is who, upon hire, started at the 18-month wage rate.

12. Plaintiffs Becky Greer, Timothy C. Budnik, Rosario Saenz, Haley Markwith, Ian Carty and Maria Garcia Pesina are suitable representatives for the Settlement Class and are the Class Representatives. The Court finds that these individuals' investment and commitment to the litigation and its outcome ensured adequate and zealous advocacy for the Settlement Class, and that their interests are aligned with those of the Settlement Class.

13. The Court finds that the attorneys at Wanger Jones Helsley PC and Fitzpatrick, Spini & Swanston have the sufficient experience, knowledge, and skill to promote and safeguard the interests of the Class. The Court therefore finds that Plaintiffs' counsel satisfy the professional and ethical obligations attendant to the position of Class Counsel, and Plaintiffs' counsel are Class Counsel for the Settlement Class.

14. Defendants shall pay Class Members pursuant to the procedure described in the Settlement Agreement, with the following exception. Class member Tony Sanchez shall be paid in the following manner: $500 of the Settlement funds originally allocated to opt-outs will be re-allocated to satisfy a portion Mr. Sanchez's payout. The remaining $20,207.50 will be paid from the difference between Class maximum approved costs ($275,000.0 [Dkt. 251 at 14]) and their actual requested costs ($257,989.91 [Dkt. 269-1 at 19]), and the difference between Simpluris, Inc.'s maximum approved costs ($29,000 [Dkt. 251 at 4]) and Simpluris, Inc.'s actual costs ($26,662.00 [Declaration of Cassandra Cita Regarding Notice and Settlement Administration, ¶ 22]). The final $859.41 shall be taken from Class Counsel's attorneys' fee request of not more than one-third of the Total Settlement Amount, of $2,000,000.00. Defendants shall have no further liability for costs, expenses, interest, attorneys' fees, or for any other charge, expense, or liability, except as provided in the Settlement Agreement.

15. The Court approves an award of reasonable attorneys' fees in the amount of $1,999,140.59.

16. The Court approves an award of reasonable costs in the amount of $257,989.91.

17. The Court approves claims administration expenses in the amount of $26,662.00 to Simpluris, Inc.

18. Plaintiffs Timothy C. Budnik, Rosario Saenz, Haley Markwith, Ian Carty, and Maria Garcia Pesina are each awarded $5,000.00 in enhancement awards for their time and efforts representing the class; and

19. Plaintiff Becky Greer is awarded $10,000.00 in enhancement awards for her time and effort representing the class.

20. All Class Members were given a full and fair opportunity to participate in the Approval Hearing, and all members of the Settlement Class wishing to be heard have been heard. Members of the Settlement Class also have had a full and fair opportunity to exclude themselves from the proposed settlement and the class. Accordingly, the terms of the Settlement Agreement and of the Court's Order shall be forever binding on all Class Members who were mailed notice of the settlement and who did not timely opt out of the settlement. These Class Members have released and forever discharged the Defendants for any and all Released Claims.

Therefore, for the reasons stated above, Plaintiffs' motion for final approval of the settlement, attorneys' fees, costs, and enhancement awards is GRANTED as noted above.

**IT IS SO ORDERED.**

DATED: _____, 2018    _____
Honorable Erica P. Grosjean