UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BECKY GREER, TIMOTHY C. BUDNIK, ROSARIO SAENZ, IAN CARTY, HALEY MARKWITH, and MARCIA GARCIA PESINA, individually and as class representatives,<br><br>Plaintiffs,<br><br>v.<br><br>PACIFIC GAS AND ELECTRIC COMPANY, IBEW LOCAL 1245, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 1:15-cv-01066-EPG<br><br>ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES, COSTS, AND ENHANCEMENT AWARD<br><br>(ECF Nos. 269, 270) |

This matter came before the Court on October 26, 2018, for a hearing on Plaintiffs' motion for an order for final approval of class action settlement (ECF No. 270), and motion for attorneys' fees, costs, and enhancement award (ECF No. 269). Plaintiff Becky Greer was present on behalf of herself and as a class representative. Attorneys Patrick Toole, Erin Huntington, and Charles Swanston appeared on behalf of the Plaintiffs; attorney Joshua D. Kienitz appeared on behalf of Defendant Pacific Gas and Electric Company ("PG&E"), and attorney Paul Schwartz appeared on behalf Defendant IBEW Local 1245 ("IBEW"). All parties have consented, pursuant to 28 U.S.C. § 636(c)(1), to have a United States Magistrate Judge conduct all further proceedings in this case. (ECF Nos. 7, 8, 192, 193.)

For the reasons set forth below, the Court GRANTS Plaintiffs' unopposed motions for final approval of class action settlement, and for attorneys' fees, costs, and enhancement award.

## I. BACKGROUND

On July 10, 2015, Plaintiffs Becky Greer, Timothy C. Budnik, Rosario Saenz, and Ian Carty, as individuals and on behalf of themselves and all others similarly situated, filed suit against PG&E alleging various claims based on underpayment of wages for a purported class. (ECF No. 1). The case is now proceeding on the Third Amended Complaint ("3AC") on behalf of Plaintiff class representatives Becky Greer, Timothy C. Budnik, Rosario Saenz, Haley Markwith, Ian Carty, and Maria Garcia Pesina, and the proposed class, and against PG&E and IBEW. (ECF No. 105.) At the time of filing on November 2, 2016, the 3AC consisted of seven claims (Counts 1-7) against PG&E, and one claim (Count 8) against IBEW, as follows: Count 1—Breach of Contract; Count 2—Violation of California Labor Code § 216; Count 3—Knowing and Intentional Failure to Comply with Itemized Employee Wage Statement Provisions in Violation of California Labor Code §§ 226(a), 1174, and 1175; Count 4—Promissory Fraud in Violation of California Civil Code § 1572(4); Count 5—Promissory Estoppel; Count 6—Violation of California Business and Professions Code § 17200 *et seq.*; Count 7—Violation of California Business and Professions Code § 17500 *et seq.*; and Count 8—Breach of Duty of Fair Representation, 29 U.S.C. § 185. (ECF No. 105.)

The parties stipulated on December 21, 2016, to dismiss the individual claims of Monica Muldrow against PG&E and IBEW, and to dismiss Count 7—Violation of California Business and Professions Code § 17500 *et seq.*, against Defendant PG&E. (ECF No. 121.) Thus, the case proceeded on Counts 1-6 against PG&E and Count 8 against IBEW.

The parties briefed and participated in four settlement conferences, in person and telephonically, with Eastern District of California Magistrate Judge Barbara A. McAuliffe on November 9, 2017, December 7, 2017, December 21, 2017, and January 18, 2018. (ECF Nos. 216, 219, 220, 225-26.) The final settlement conference concluded with Judge McAuliffe making a mediator's proposal with a deadline of January 25, 2018, which both parties accepted on the final day. (ECF Nos. 228, 229.)

2

The proposed settlement resolves all class claims alleged against PG&E and IBEW. The settlement establishes three groups of current and former Service Representative Is ("SR Is"): SR Is who received settlement payments from PG&E prior to this lawsuit, but who have wage statement claims under Labor Code § 226 ("labor group"); SR Is whose experience does not qualify them for an increased wage rate under PRC 21052 ("non-qualifying group"); and SR Is whose experience does qualify them for an increased wage rate under PRC 21052 ("qualifying group"). (ECF No. 238-1 at 12.)

Under the terms of the proposed settlement, all SR Is had an opportunity to provide information relating to their work history to demonstrate satisfaction of PRC 21052's requirements. All SR Is were provided a notice of settlement, including a questionnaire soliciting information concerning their work history. Counsel for Plaintiffs reviewed that information, along with resumes and other information submitted with the SR I's initial employment application, and placed each SR I into the appropriate group. The labor group and those who do not meet the requirements of PRC 21052 (the non-qualifying group) are to receive a settlement payout of $250.00. The remaining settlement funds are to be distributed pro-rata among the group of SR Is who do meet the requirements of PRC 21052 (the qualifying group). The qualifying group was anticipated to include 175 individuals, and to receive an average individual payment of $19,849.71. (*Id.*)

Under the proposed settlement agreement, Defendants PG&E and IBEW will collectively make a gross payment of $6,000,000 into a settlement fund to be administered by the settlement administrator, with PG&E contributing $5,500,000 and IBEW contributing $500,000.[1] (ECF No. 38-1 at 12-13; ECF No. 263.) The $6,000,000 settlement amount is inclusive of payments to the proposed class, Plaintiffs' and class counsels' attorneys' fees and costs, Plaintiffs' proposed Service Payments, and costs of settlement administration. (ECF No. 238-1 at 13.)

The proposed settlement agreement provides that Plaintiffs' counsel is to file a separate

---

[1] Although the contribution of each Defendant to the total settlement amount was not proposed to be disclosed in the class notice, the Court required the parties to modify the class notice to include the contribution information. (*See* ECF No. 251 at 19-27; ECF Nos. 263, 268.)

application for attorneys' fees and costs prior to the objection/opt-out deadline, and that Defendants will not oppose the application so long as it does not exceed 33.33% of the settlement fund and costs do not exceed $275,000. (*Id*. at 17.) The six class representatives—Becky Greer, Timothy C. Budnik, Ian Carty, Haley Markwith, Maria Garcia Pesina, and Rosario Saenz—are to apply to the Court for service payments in an amount not to exceed $35,000, collectively, in addition to whatever payment, if any, each may be otherwise entitled to from the settlement fund as a settlement class member. (*Id*.) The cost of claims administration was estimated at approximately $29,000. (*Id*. at 16.) The settlement is non-reversionary. (*Id*. at 13.)

On March 2, 2018, Plaintiffs filed an unopposed motion for preliminary approval of the settlement. (ECF Nos. 238, 239, 240.) The Court granted the motion, and issued its order (1) conditionally certifying the proposed Settlement Class; (2) preliminarily approving the joint stipulation of class settlement; (3) appointing Plaintiffs as class representatives and Plaintiffs' counsel as class counsel; (4) approving in part and requiring changes in part to the notice packet; and (5) setting a fairness hearing for final approval of the settlement. (ECF No. 251.)

On August 24, 2018, Plaintiffs filed a motion for attorneys' fees, costs, and enhancement award (ECF No. 269), seeking attorneys' fees in the amount of $2,000,000.00 (one-third of the gross settlement amount); reimbursement of costs actually incurred in the amount of $257,989.91; and enhancements in the amount of $5,000.00 for each of the class representatives, except Becky Greer, for whom Plaintiffs request $10,000.00, "in recognition of their extensive work and risk incurred in litigating this class action case." (ECF No. 269-1 at 9.) As provided in the proposed settlement agreement, this motion was filed prior to the objection/opt-out deadline. On September 26, 2018, Plaintiffs filed a motion for final approval of class action settlement. (ECF No. 270.)

The fairness hearing for final approval of the settlement was held on October 26, 2018. No objections to the settlement were filed prior to or during the fairness hearing. However, subsequent to the hearing, on October 29, 2018, an untimely notice of objection from Tanvir Ahjaz was faxed to counsel, and was subsequently filed with the Court on October 31, 2018. (*See* ECF No. 278.) On November 2, 2018, Plaintiffs filed a notice of resolution of Mr. Ahjaz's

4

objection. (ECF No. 280.)

## II. LEGAL STANDARD—CLASS ACTION CERTIFICATION AND SETTLEMENT

"A difficult balancing act almost always confronts a district court tasked with approving a class action settlement." *Allen v. Bedolla*, 787 F.3d 1218, 1223 (9th Cir. 2015). "On the one hand, … 'there is a strong judicial policy that favors settlements, particularly where complex class action litigation is concerned.'" *Id*. (citations omitted). "But on the other hand, settlement class actions present unique due process concerns for absent class members, and the district court has a fiduciary duty to look after the interests of those absent class members." *Id*. (citations and internal quotation marks omitted).

"To guard against this potential for class action abuse, Rule 23(e)[2] of the Federal Rules of Civil Procedure requires court approval of all class action settlements, which may be granted only after a fairness hearing and a determination that the settlement taken as a whole is fair, reasonable, and adequate." *In re Bluetooth Headset Prod. Liab. Litig*., 654 F.3d 935, 946 (9th Cir. 2011) (footnote added); *Staton v. Boeing Co*., 327 F.3d 938, 972 n.22 (9th Cir. 2003) (court's role is to police the "inherent tensions among class representation, defendant's interests in minimizing

---

[2] Federal Rule of Civil Procedure 23(e) provides:

(e) Settlement, Voluntary Dismissal, or Compromise. The claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval. The following procedures apply to a proposed settlement, voluntary dismissal, or compromise:

(1) The court must direct notice in a reasonable manner to all class members who would be bound by the proposal.

(2) If the proposal would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable, and adequate.

(3) The parties seeking approval must file a statement identifying any agreement made in connection with the proposal.

(4) If the class action was previously certified under Rule 23(b)(3), the court may refuse to approve a settlement unless it affords a new opportunity to request exclusion to individual class members who had an earlier opportunity to request exclusion but did not do so.

(5) Any class member may object to the proposal if it requires court approval under this subdivision (e); the objection may be withdrawn only with the court's approval.

Fed. R. Civ. P. 23

the cost of the total settlement package, and class counsel's interest in fees").

Rule 23(e)'s class settlement process generally proceeds in two phases. In the first phase, the court conditionally certifies the class, conducts a preliminary determination of the fairness of the settlement (subject to a more stringent final review), and approves the notice to be imparted upon the class. *Ontiveros v. Zamora*, 303 F.R.D. 356, 363 (E.D. Cal. 2014). The purpose of the initial review is to ensure that an appropriate class exists and that the agreement is non-collusive, without obvious deficiencies, and within the range of possible approval as to that class. *See True v. Am. Honda Motor Co.*, 749 F. Supp. 2d 1052, 1062 (C.D. Cal. 2010); Newberg on Class Actions § 13:13 (5th ed. 2014).

In the second phase, the court holds a full fairness hearing where class members may present objections to class certification, or to the fairness of the settlement agreement. *Ontiveros*, 303 F.R.D. at 363 (citing *Diaz v. Trust Territory of Pac. Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989). Following the fairness hearing, taking into account all of the information before the court, the court must confirm that class certification is appropriate, and the settlement is fair, reasonable, and adequate. *See Valdez v. Neil Jones Food Co.*, 2015 WL 6697926, at * 8 (E.D. Cal. Nov. 2, 2015); *Miller v. CEVA Logistics USA, Inc.*, 2015 WL 4730176, at *3 (E.D. Cal. Aug. 10, 2015).

### III.  DISCUSSION

On October 26, 2018, the Court held a fairness hearing at which class members had the opportunity to present objections to class certification, or to the fairness of the settlement agreement. No objections were presented during this hearing, and as of the date of the hearing, no objections had been filed with the Court, or received by the claims administrator or class counsel. There was, however, a late objection filed by one class member, and a class member whose questionnaire response was not properly processed by the claims administrator, both of which warrant discussion.

**A. <u>Untimely Objection of Tanvir Ahjaz</u>**

An untimely notice of objection by Tanvir Ahjaz was faxed to counsel on October 29, 2018, and filed with the Court on October 31, 2018. (*See* ECF No. 278.) In his objection, Mr. Ahjaz, a member of the class, objects only as to the amount of his individual payout.

Mr. Ahjaz states that the class notice he received states that he was allocated an award of $175.49, but that he has learned that other class members who started working at about the same time as he did have been allocated awards of thousands of dollars. Mr. Ahjaz requested that his payroll information be reviewed to determine whether his *pro rata* share of the settlement amount had been properly calculated. (*Id.*)

On November 2, 2018, Plaintiffs filed a notice of resolution of Mr. Ahjaz's objection. (ECF No. 280.) The notice of resolution explains that the payroll information for Mr. Ahjaz had been reviewed, that it was determined that the information initially submitted to the claims administrator was incorrect, and that, based on the corrected payroll information, Mr. Ahjaz would qualify for the maximum payout award for the qualifying group—$20,707.50. (ECF No. 280.) The notice of resolution also explains that Mr. Ahjaz will be paid $20,707.50, rather than the $175.49 pro rata share initially allocated to him, and that the $20,532.01 difference between the initial allocation and the amount to be paid to Mr. Ahjaz will be paid by reducing the award of attorneys' fees to Plaintiffs' counsel. (ECF No. 280.)

Mr. Ahjaz has signed a declaration in which he agrees to withdraw his objection based on the representation that the error in his payroll information has been corrected, and that he will receive the maximum payout amount of $20,707.50. (ECF No. 280 at 13-15.)

No other objections have been filed.

**B. Class Member Tony Sanchez**

After the deadline for returning questionnaires had passed, the claims administrator was contacted by class member Tony Sanchez. Mr. Sanchez, who had been placed in the non-qualifying group, requested that he be added to the qualifying group. Mr. Sanchez had been placed in the non-qualifying group because the claims administrator had not processed a questionnaire response for Mr. Sanchez. Mr. Sanchez was, however, able to demonstrate that he had mailed the completed questionnaire to the claims administrator prior to the questionnaire deadline. It is unclear why that completed questionnaire was not received by class counsel or processed by the claims administrator.

The information received from Mr. Sanchez regarding his prior experience demonstrated

that he should have been included in the qualifying group and that he would be entitled to receive the maximum qualifying group award. However, by the time it was determined that Mr. Sanchez should have been included in the qualifying class and the amount he would have been awarded, the second class notices had already been mailed to all class members notifying them of their estimated minimum recovery. If Mr. Sanchez was added to the qualifying group, the payouts to the qualifying group members would be reduced to less than the amount identified in the second class notices. To avoid this problem, counsel for the parties and the settlement administrator agreed to pay the amount of the maximum qualifying group award—$20,707.50—to Mr. Sanchez, but to do so in a manner that did not result in a reduction in the proposed payments made to the other class members. The parties propose to pay Mr. Sanchez the difference between the $20,707.50 and the $250 he would be awarded as a member of the non-qualifying group as follows: $500.00 is to be paid out of the opt-out fund; $17,010.09 is to be paid using the difference between the $275,000.00 maximum cost award preliminarily approved by the Court, and the actual costs incurred of $257,989.91; $2,338.00 is to be paid using the difference between the $29,000.00 settlement administrator costs preliminarily approved by the Court and the actual costs incurred by the settlement administrator of $26,662.00; and the remaining $609.41 is to be paid through a reduction in Class Counsel's attorneys' fee award. (ECF No. 270-1 at 17.)

### C. Final Fairness Determination

The Court now turns to the final fairness determination.

In its previous order granting preliminary approval, the Court found that the proposed class satisfies the requirements of Federal Rule of Civil Procedure 23(a). (ECF No. 251.) The Court also found that the proposed class met the predominance and superiority requirements of Federal Rule of Civil Procedure 23(b)(3), which provides: "A class action may be maintained if Rule 23(a) is satisfied and if . . . the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

The Court further made a preliminary finding that the proposed settlement was

fundamentally fair, reasonable, and adequate. The Court noted that when settlement occurs before class certification, the Court must also take extra care to ensure that "the settlement is not the product of collusion among the negotiating parties." *Bluetooth*, 654 F.3d at 946. After balancing the relevant factors, the Court found the proposed settlement to be fair and to meet the requirements of Rule 23(e)(2). The Court therefore granted preliminary approval of the proposed settlement, but required changes to be made to the notice packet. (ECF No. 251.) The required changes to the notice packet were subsequently made and approved by the Court. (ECF Nos. 263, 265, 268.)

The final proposed settlement for class members varies somewhat from the preliminary proposed settlement. First, as described above, payment to one class member will be made through a reduction in the attorneys' fees awarded to class counsel. Second, payment to another class member will be made using opt-out funds, the differences between the preliminary and actual litigation costs and settlement administration costs, and a reduction in the attorneys' fees awarded to class counsel. The preliminary and final proposed settlement fund allocations are:

|  | **Preliminary Proposed** | **Final Proposed** |
|---|---|---|
| Net Settlement Fund | $3,661,000.00 | $3,701,489.51 |
| Enhancement Awards | $35,000.00 | $35,000.00 |
| Attorneys' Fees | $2,000,000.00 | $1,978,858.58 |
| Litigation Costs | $275,000.00 | $257,989.91 |
| Settlement Administration Costs | $29,000.00 | $26,662.00 |

Finally, the final proposed settlement varies from the preliminary proposed settlement in the number of individuals included in the SR I qualifying and non-qualifying groups and a resulting reduction in the average settlement share for the qualifying group members. The preliminary and final proposed payments for the class member groups, including the distributions and adjustments for Mr. Ahjaz and Mr. Sanchez are:

| **Class Member Group** | **Preliminary Proposed** | | **Final Proposed** | |
|---|---|---|---|---|
|  | # in group | Average Payout[3] | # in group | Average Payout[3] |
| Labor | 137 | $250.00 | 137 | $250.00 |
| Non-Qualifying | 613 | $250.00 | 531 | $250.00 |
| Qualifying | 175 | $19,849.71 | 253 | $13,970.31 |

---

[3] For the Labor and Non-Qualifying Groups, the proposed payment is $250 each; for the Qualifying Group, the proposed payment is based on a *pro rata* calculation, and the figure given is the average payout for the group.

9

As this table reflects, the preliminary proposed settlement anticipated the qualifying group to include 175 individuals; in contrast, the final proposed settlement includes 253 individuals in the qualifying group. Plaintiffs explain this difference as follows:

> Plaintiffs' Preliminary Motion for Final Approval estimated an average recovery for Qualifying Subclass members of $19,849.71. This was based on an estimate that 175 class members had at least 18 months of prior "directly related clerical job experience." However, this estimate was based purely on the information available to Class Counsel from the resumes alone. After having reviewed over 300 Questionnaire responses, wherein class members were simply provided with the standard articulated in PRC 20152 and left to explain how any of their experience qualified, it became clear that, in fact, 253 SR Is had qualifying experience.

(ECF No. 270-1 at 12-13 (citations omitted).)

The increase in the number of individuals in the SR I qualifying group resulted in a decrease in the average share amount for this group, from an average share of $19,849.71 in the preliminary proposed settlement, to an average share of $13,970.31 in the final proposed settlement.

Even with these differences between the preliminary proposed settlement and the final proposed settlement, having considered the entire record, including the lack of any objection to the proposed settlement from class members, except as discussed above, *see Mandujano v. Basic Vegetable Prods. Inc.*, 541 F.2d 832, 837 (9th Cir. 1976) (number of class members who object to a proposed settlement "is a factor to be considered when approving a settlement"), the Court finds the settlement to be fundamentally fair, adequate, and reasonable. *See* Fed. R. Civ. P. 23(e)(2); *Hanlon*, 150 F.3d at 1026. Accordingly,

IT IS ORDERED:

1. For the reasons set forth herein, in the Preliminary Approval Order (ECF No. 251), and in the transcript of the proceedings of the Preliminary Approval hearing and the Final Approval hearing, which are adopted and incorporated herein by reference, this Court finds that the requirements of Federal Rule of Civil Procedure 23 have been satisfied.

2. The Court hereby adopts and incorporates by reference the terms and conditions of the Joint Stipulation of Class Action Settlement ("Settlement Agreement") (ECF No. 238-2),

including amendments ordered by this Court and made by the Parties, together with the definitions and terms used and contained therein.

3. The Court finds that it has jurisdiction over the subject matter of the action and over all parties to the action, including all members of the Settlement Class.

4. The Class Notice fully and accurately informed Class Members of all material elements of the proposed settlement and of their opportunity to object, opt out, or comment thereon; was the best notice practicable under the circumstances; was valid, due, and sufficient notice to all Class Members; and complied fully with the laws of the State of California, the United States Constitution, and due process.

5. The Class Notice fairly and adequately described the settlement and provided Class Members adequate instructions and a variety of means to obtain additional information.

6. Class Members were given a full opportunity to participate in the Final Approval hearing, and all Class Members and other persons wishing to be heard have been heard. Accordingly, the Court determines that all Class Members who did not timely and properly opt out are bound by this Order.

7. The Court has considered all relevant factors for determining the fairness of the settlement and has concluded that all such factors weigh in favor of granting final approval. In particular, the Court finds that the settlement was reached following meaningful discovery and investigation conducted by Plaintiffs' counsel; that the settlement is the result of serious, informed, adversarial, and arm's-length negotiations between the parties; and that the terms of the settlement are in all respects fair, adequate, and reasonable.

8. In so finding, the Court has considered all evidence presented, including evidence regarding the strength of Plaintiffs' case, the risk, expense, and complexity of the claims presented; the likely duration of further litigation; the amount offered in settlement; the extent of investigation and discovery completed; and the experience and views of Plaintiffs' counsel. The Court has also considered the absence of objection to the settlement.

9. Accordingly, the Court hereby approves the settlement as set forth in the Settlement Agreement and expressly finds that the settlement is, in all respects, fair, reasonable, adequate,

and in the best interests of the entire Settlement Class and hereby directs implementation of all remaining terms, conditions, and provisions of the Settlement Agreement. The Court also finds that settlement now will avoid additional and potentially substantial litigation costs, as well as delay and risks if the parties were to continue to litigate the case. Additionally, after considering the monetary recovery provided as part of the settlement in light of the challenges posed by continued litigation, the Court concludes that the settlement confers significant relief on Class Members.

10. The Settlement Agreement is not an admission by Defendants or by any other released party, nor is this Order a finding of the validity of any allegations or of any wrongdoing by Defendants or any other released party. Neither this Order, the Settlement Agreement, nor any document referred to herein, nor any action taken to carry out the Settlement Agreement, may be construed as, or may be used as, an admission of any fault, wrongdoing, omission, concession, or liability whatsoever by or against Defendants or any of the other released parties.

11. Final approval is granted with respect to the following class: All current and former Service Representative I ("SR I") classification employees who were hired by Defendant Pacific Gas and Electric Company into a Call Center (or Contact Center) SR I position in California at any time between January 1, 2011, and June 30, 2015 (the "Class Period"), and whose initial wage rate was the starting wage rate specified in the collective bargaining agreement. The class does not include any SR Is who, upon hire, started at the 18-month wage rate.

12. Plaintiffs Becky Greer, Timothy C. Budnik, Rosario Saenz, Haley Markwith, Ian Carty, and Maria Garcia Pesina are suitable representatives for the Settlement Class and are the Class Representatives. The Court finds that these individuals' investment and commitment to the litigation and its outcome ensured adequate and zealous advocacy for the Settlement Class, and that their interests are aligned with those of the Settlement Class.

13. The Court finds that the attorneys at Wanger Jones Helsley PC and Fitzpatrick, Spini & Swanston have the sufficient experience, knowledge, and skill to promote and safeguard the interests of the Class. The Court therefore finds that Plaintiffs' counsel satisfy the professional

and ethical obligations attendant to the position of Class Counsel, and Plaintiffs' counsel are Class Counsel for the Settlement Class.

14. Defendants shall pay Class Members pursuant to the procedure described in the Settlement Agreement, with the following exceptions:

    a. Class member Tony Sanchez shall be paid $20,707.50 in the following manner: Mr. Sanchez will received the $250 originally allocated to him as a member of the non-qualifying group. The remaining $20,457.50 shall be paid as follows: $500 of the settlement funds originally allocated to opt-outs will be re-allocated to satisfy a portion Mr. Sanchez's payout; $17,010.09 will be paid using the difference between Class maximum preliminary proposed litigation costs ($275,000.00) and final proposed litigation costs ($257,989.91); $2,338.00 will be paid using the difference between Simpluris, Inc.'s preliminary proposed costs ($29,000.00) and Simpluris, Inc.'s final proposed costs ($26,662.00); and the remaining $609.41 will be paid through a reduction in Class Counsel's attorneys' fees award.

    b. Class member Tanvir Amad Ahjaz shall be paid $20,707.50 in the following manner: Mr. Ahjaz will receive the $175.49 originally allocated to him as a pro rata share of the qualifying group award. The remaining $20,532.01 will be paid through a reduction in Class Counsel's attorneys' fees award.

15. Defendants shall have no further liability for costs, expenses, interest, attorneys' fees, or for any other charge, expense, or liability, except as provided in the Settlement Agreement.

16. The Court approves an award of reasonable attorneys' fees in the amount of $1,978,858.58.

17. The Court approves an award of reasonable costs in the amount of $257,989.91.

18. The Court approves claims administration expenses in the amount of $26,662.00 to Simpluris, Inc.

19. Plaintiffs Timothy C. Budnik, Rosario Saenz, Haley Markwith, Ian Carty, and Maria Garcia Pesina are each awarded $5,000.00 in enhancement awards for their time and effort representing the class; and

20. Plaintiff Becky Greer is awarded $10,000.00 in enhancement awards for her time and effort representing the class.

21. All Class Members were given a full and fair opportunity to participate in the Approval Hearing, and all members of the Settlement Class wishing to be heard have been heard. Members of the Settlement Class also have had a full and fair opportunity to exclude themselves from the proposed settlement and the class. Accordingly, the terms of the Settlement Agreement and of the Court's Order shall be forever binding on all Class Members who were mailed notice of the settlement and who did not timely opt out of the settlement. These Class Members have released and forever discharged the Defendants for any and all released claims.

Therefore, for the reasons stated above, Plaintiffs' motions for final approval of the settlement (ECF No. 270) and for attorney fees, costs, and enhancement awards (ECF No. 269) are GRANTED as modified and noted above.

The Parties are DIRECTED to file appropriate dispositional documents within **sixty (60) days** of the date of this order.

IT IS SO ORDERED.

Dated: **November 8, 2018**        /s/ Erin P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE